NEBRASKA LOAN & TRUST COMPANY V. CHRISTINA SMASSALL ET AL., APPELLANTS, IMPLEADED WITH CHARLES W. MOSHER, APPELLEE.

FILED DECEMBER 22, 1893.   No. 6212.

Validity of Mortgage Upon Life Estate.   Under the provisions of section 17, chapter 36, Compiled Statutes, if the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected in the survivor for life, and afterwards in his or her heirs forever, etc.   This life estate the survivor may mortgage, and the purchaser under the decree of foreclosure will acquire the life estate.

APPEAL from the district court of York county. Heard below before BATES, J.

*George B. France,* for appellants, cited: *Butterfield v. Wicks,* 44 Ia., 310; *Smith v. Eaton,* 50 Ia., 488.

*Sedgwick & Power,* contra, cited: *Schuyler v. Hanna,* 31 Neb., 307; *Dorsey v. Hall,* 7 Neb., 465; *Holbrook v. Wightman,* 31 Minn., 172; 6 Am. & Eng. Ency. Law, 881.

MAXWELL, C. J.

In May, 1892, the Nebraska Loan & Trust Company brought this action in the district court of York county, Nebraska, against Christina Smassall and the heirs of Joseph Smassall, deceased, and also Charles W. Mosher, who held a second mortgage upon the premises hereafter described in the decree.   There is no dispute in regard to the plaintiff's claim, but the controversy in this case arises upon that of Charles W. Mosher, who claims a second mortgage upon the premises, signed by defendant John Faul, and one of the appellants, Christina Faul, formerly the wife of Joseph Smassall, deceased, and who had intermarried with John Faul.   The note, which was secured by this mortgage, was signed by John Faul.   At the time of the death of Joseph Smassall, and for some time prior thereto, he and his family, consisting of his wife and five children, were, and had been, residing upon this land, and the same was their homestead.   The appellant Christina Smassall afterwards intermarried with John Faul, and she with her family have resided on said land ever since the death of Joseph Smassall, and are now residing thereon. The appellants claim that the appellee Charles W. Mosher obtained no lien upon the land by virtue of the mortgage given by Christina Faul and her husband to the appellee Charles W. Mosher.   The court entered the following decree upon the mortgage of Mosher:

"Now on this 14th day of January, 1893, this cause came on for hearing on the answer and cross-petition of

Charles W. Mosher and the answer thereto of Christina
Faul and Christina Faul, guardian of the minor heirs of
Joseph Smassall, deceased, and the answer of George B.
France, guardian *ad litem* of the said minor heirs, and the
evidence, and was submitted to the court, on consideration
whereof the court finds that the defendants Christina Faul
and John Faul are husband and wife, and that they, on
the 6th day of October, 1891, executed and delivered to
Stark & Mosher the mortgage deed described in the answer
and cross-petition of Charles W. Mosher, on the west half
of the northeast quarter of section 25, in township 10
north, of range 4 west, in York county, Nebraska.   Said
mortgage was duly recorded in the office of the clerk
of said county on the 21st day of March, 1892, in book
55 of mortgages, at page 487.   The court finds that
afterwards the payees, Stark & Mosher, sold, indorsed,
and delivered the said mortgage and the note secured
thereby to said Charles W. Mosher, who then became, and
now is, the owner and holder thereof.   The court finds
that there is due the said Charles W. Mosher from the said
John Faul and Christina Faul the sum of $316, with ten
per cent interest from the date of this decree.   The court
finds that John Faul, who signed said mortgage, had no
title to, and did not own, the land described therein at the
time of the execution of said mortgage; that the defend-
ant Christina Faul, as the widow of Joseph Smassall, had
at the time of executing said mortgage a life estate in said
premises and was possessed of a dower interest therein; and
said mortgage executed by said John Faul and Christina
Faul to said Stark & Mosher became, and is still, a lien on
the life estate interest of the said Christina Faul and John
Faul in said premises.

"It is hereby ordered that unless the said Christina
Faul and John Faul, within twenty days from the entry
of this decree, pay, or cause to be paid, to the said Charles
W. Mosher the sum of $316, with interest, that an order

of sale issue to the sheriff of said York county, directing him to appraise, advertise, and sell the interest of the said Christina Faul and John Faul in the said premises, and of his doings in the premises he make due return to this court; to which the defendants Christina Faul and George B. France, guardian *ad litem* for the minor heirs, duly excepts."

Section 17, chapter 36, of the Compiled Statutes of 1887, provides: "If the homestead was selected from the separate property of either husband or wife, it vests, on the death of the person from whose property it was selected in the survivor for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of this chapter." The homestead thus becomes a life estate in the survivor. This estate the survivor may mortgage where there is no restriction in the statute, and as there is no such restriction in the laws of this state the mortgage is valid. (*Schuyler v. Hanna,* 31 Neb., 307; *Durland v. Seiler,* 27 Neb., 33; *Holbrook v. Wightman,* 31 Minn., 168.) There is no error in the record and the judgment is

AFFIRMED.