NANCY SUTHERLAND V. NATHANIEL SUTHERLAND, *et al.*, Appellants.

| 102 | 535 |
| 112 | 627 |

**Wills:** WIDOW: *Acceptance of devise.* A devise to a wife by her husband of a life estate, without an express provision that such estate shall be in lieu of dower, does not bar her of her distributive share of his estate, though she accepts the devise.

**Demurrer:** WHAT CONFESSED BY. An allegation that a devise was accepted in lieu of dower is a mere conclusion, and is not confessed by demurrer to the pleading containing it which states no facts to sustain such conclusion.

**Appeal:** TREATING EXHIBIT AS ATTACHED TO PLEADINGS DEMURRED TO. Where defendants, in their answer, rest their defense on the provisions of a probated will, and "make the will * * * a part of this answer, and refer to the same as part of this answer," without setting out or attaching a copy, on appeal, they will not be heard to say that the will is not a part of the answer.

*Appeal from Jones District Court.*—HON. WILLIAM P. WOLF, Judge.

FRIDAY, MAY 28, 1897.

PLAINTIFF, widow of Donald Sutherland, asks that her share of certain real estate of which her husband died seized be set apart to her. The defendants, heirs at law of said deceased, answered that Donald Sutherland died testate; that his will was duly probated; that in it he bequeathed to plaintiff the real estate described in her petition, to have and to use during her natural life, with remainder to the defendants, in lieu of her dower or statutory rights in said land; that plaintiff has since said time, used, occupied, and enjoyed said land, and is now estopped from claiming any interest therein different or contrary to said bequest. The defendants say in their answer as follows: "Defendants make the will, and the probated record, and all the papers, records, and proceedings in the matter of the estate of Donald Sutherland, deceased, in the district court of Jones county, Iowa, a part of this answer, and refer to same as part of this answer." Defendants ask that the prayer of the petition be denied. Plaintiff demurred to the answer for the following reasons: "(1) That the facts in the defendants answer do not entitle them to the relief demanded. (2) That the facts stated in said answer, and the provisions of the will referred to therein and made a part thereof, fail to show that the plaintiff is not entitled to the relief demanded." The demurrer was sustained, and, defendants electing to stand on their answer, default was entered, and decree

rendered as prayed in the petition. Defendants appeal.
—*Affirmed.*

*Welch & Welch* for appellants.

*F. O. Ellison* for appellee.

GIVEN, J.—I. Appellants insist that, as the will is not set out in nor as an exhibit to their answer it should not be considered as a part thereof in passing upon the demurrer. As, under the admissions in their answer, the only defense they have, rests upon the provisions of the will, we do not discern why appellants desire to withhold the will from consideration. In *Wishard v. McNeil*, 78 Iowa, 48, this court said: "It is not uncommon for the pleadings to refer to and incorporate therein portions of the court files by specific averment. Such practice tends to abbreviate the record, and where confusion or other harm does not result we do not think it objectionable. The practice would be subject to control of the court in the exercise of a sound legal discretion." Appellants, as we have seen, in express terms "make the will *  *  * a part of this answer, and refer to the same as part of this answer." Surely, in the face of this, they should not now be heard to say that the will is not a part of their answer.

II. In *Howard v. Watson*, 76 Iowa, 230, it is said "The devise to the defendant is an estate for life, and it has been held that a widow 'may take dower, notwithstanding a devise to her in the will, unless there is an express provision in the will to the contrary, and the claim for dower be inconsistent with and will defeat some provision of the will,' "—citing *Daugherty v. Daugherty*, 69 Iowa, 677. It also said: "And in *Metteer v. Wiley*, 34 Iowa, 214, it was held that the devise of a life estate would not

bar the right of a widow to a distributive share of the real estate owned by her husband at his death."

2        The answer shows on its face that the devise is of a life estate, and fails to show that there is an express provision in the will that that estate shall be in lieu of dower. The allegation that it was so intended is the statement of a mere conclusion and one that is not warranted by what is said as to the devise. We think that the matter stated in the answer itself does not show a defense to plaintiff's cause of action. The provisions in the will are these: "(1) It is my will that my wife, Nancy Sutherland, shall have, after my death, the possession and use of my property, real and personal, until her death. (2) After her death the remaining property, real and personal, shall be appraised, and sold and divided among our children in the following portions." Then follow the names and portions of the children. We think it entirely clear, under the cases cited, that the demurrer was properly sustained. The judgment of the district court is therefore AFFIRMED.