HILL *v.* KALAMAZOO PROBATE JUDGE.

ESTATES OF DECEDENTS—WILLS—ELECTION OF WIDOW—WAIVER
OF ALLOWANCE FOR SUPPORT.

A widow, by electing to take under the will of her husband,
which gives her a life estate in his realty "in lieu of all other
rights, claims, and demands which she may have in or against"
his estate, does not waive her right to an allowance under 3
Comp. Laws, § 9289, for her support during the progress of the
settlement of the estate.

*Certiorari* to Kalamazoo; Adams, J.   Submitted June
4, 1901.   Decided July 19, 1901.

*Mandamus* by Manfred Hill, executor of the last will
and testament of William Jenkinson, deceased, and William Frakes and Grace Hartman, legatees under said will,
to compel James E. White, judge of probate of Kalamazoo county, to vacate an order of allowance for the support
of decedent's widow during the administration of the
estate.   From an order denying the writ, relators bring
*certiorari.*   Affirmed.

*Osborn & Mills,* for relators.

*A. M. & C. H. Stearns,* for respondent.

LONG, J.   William Jenkinson died in January, 1900,
leaving a last will and testament, which has been duly
admitted to probate.   An appraisal of his estate showed
about $14,000 in real estate and $15,000 in personalty.
Commissioners on claims were appointed, and claims to
the amount of $5,800 were presented.   The deceased left
surviving him a widow and several adult children of a
former wife.   The will contains the following clause:

"I give and devise unto my wife, Patience Jenkinson,
of the village of Vicksburg, for and during her natural

life, all the real estate that I may own at the time of my death. The foregoing devise is in lieu of all other rights, claims, and demands which the said Patience Jenkinson may have in or against my estate."

On December 29, 1900, the widow filed with the probate court the following election:

"In the matter of the estate of William Jenkinson, deceased: Now comes Patience Jenkinson, widow of said deceased, and elects to take under the provisions of the last will and testament of said deceased, said will having been executed on the 31st day of December, 1899, and duly admitted to probate in this court on the 24th day of April, 1900.

[Signed]      "PATIENCE JENKINSON."

On March 15, 1901, the widow filed a petition in the probate court, praying a weekly allowance to her out of the personal estate of said deceased for the support of herself and family during the progress of the administration and settlement of the estate, as provided by law, and alleged therein that her family consisted of herself only. She prayed an allowance of $25 per week, and she was awarded by the court $15 per week, to date from the issuing of letters testamentary, and to continue for one year. An application was made to the circuit court of Kalamazoo county by the executor for a writ of *mandamus* to compel the judge of probate to vacate and set aside this order, on the ground that the probate court had no jurisdiction to make the order, as the widow, by accepting the conditions and provisions made for her in the will, had waived her right to such an allowance. The circuit court denied the writ, and the case comes into this court by writ of *certiorari*.

Section 9289, 3 Comp. Laws, provides:

"All the estate of the testator, real and personal, shall be liable to be disposed of for the payment of his debts and the expenses of administering his estate; and the probate court may make such reasonable allowance as may be judged necessary for the expenses of the maintenance of the widow and minor children, or either, constituting the

family of the testator, out of his personal estate, or the income of his real estate, during the progress of the settlement of the estate, but never for a longer period than until their shares in the estate shall be assigned to them."

We think there can be no question but that it was entirely within the discretion of the probate court to fix an allowance, under this statute, for the widow, which sum does not seem to be excessive, and this court has no power to disturb it. *Bacon* v. *Kent Probate Judge*, 100 Mich. 183 (58 N. W. 835); *Pulling* v. *Wayne Probate Judge*, 85 Mich. 34 (48 N. W. 48).

The order below must be affirmed.

The other Justices concurred.