ANNIE BRICHACEK ET AL., APPELLEES, V. JOSEPH BRICHACEK ET AL., APPELLEES; FRANK SPEVAK, SR., APPELLANT.

FILED JANUARY 3, 1906. No. 14,083.

Wills: HOMESTEAD. Under the provisions of section 17, chapter 36, Compiled Statutes 1903, a homestead which was the separate property of the wife, at her death, vests in her surviving husband for life, and the wife has no power to limit or dispose of the life estate of the survivor by will.

APPEAL from the district court for Colfax county: JAMES G. REEDER, JUDGE. *Reversed.*

*George H. Thomas,* for appellant.

*F. W. Bartos* and *J. H. Grimison, contra.*

30

LETTON, C.

In 1887, Barbara Spevak, with her husband, Frank Spevak, Sr., resided upon 160 acres of land in Colfax county, and occupied the same as the family homestead. The title to the land was in Mrs. Spevak. In that year she died, leaving surviving her six children, the eldest of whom was at that time sixteen years old, and the youngest was four years of age. Before her death she executed a will, by the terms of which she bequeathed to her children 80 acres of the land, using the following language in making such bequest: "I do bequeath to my children east half of the northwest quarter section (23) twenty-three, township (19) nineteen, range (4) four east, and Frank Spevak, my husband, shall have the use of all the land, and shall provide for all my children until they come of age, and after they come of age my husband shall pay them ($50) fifty dollars to each, and he shall provide for them until they come of age." The will also devised the other 80 acres to the husband, as well as all the personal property, and nominated him as executor. The controversy in this case is as to the extent of the interest of Frank Spevak, Sr., in the premises. He claims that he takes the 80 acres which were devised to him by the will in fee, and that he has a life estate in the remainder of the premises. The children admit his title to the 80 acres which were devised to him, but insist, as to the other 80 acres, that his interest in the same is limited to the use of the land until the youngest child becomes of age; that the devise was to them in fee, subject to the use by him for a term for years. The case was tried upon an agreed statement of facts. The court found that Frank Spevak, Sr., did not have a life estate in the premises, but was only entitled to the use of the same until the youngest living child became twenty-one years of age, to reverse which judgment he appeals to this court.

It is contended by the appellees that, by qualifying as executor and by accepting the title in fee to the 80 acres

which were given him under the will, Spevak elected to take under the will and cannot claim a life estate in the premises under the homestead law, and further, that the husband cannot, a long time after his wife's death, select a homestead out of her separate property. It is further contended that the provisions of the will that the husband shall provide for the children until they become of age, limits his right to the use of the 80 acres until the youngest child becomes twenty-one. Apparently counsel for each of the parties have overlooked the existence of a statutory provision which limits the right to dispose of the homestead by will. Section 17, chapter 36, Compiled Statutes 1903 (Ann. St. 6216), is as follows: "If the homestead was selected from the separate property of either husband or wife it vests, on the death of the person from whose property it was selected, in the survivor for life and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same except the life estate of the survivor by will." This section has been construed in *Durland v. Seiler*, 27 Neb. 33; *Schuyler v. Hanna*, 31 Neb. 307; *Finders v. Bodle*, 58 Neb. 57; *Nebraska Loan & Trust Co. v. Smassall*, 38 Neb. 516; *Fort v. Cook*, 3 Neb. (Unof.) 12, and has been upheld according to its plain import. The will of Mrs. Spevak was therefore so far inoperative, if, as the appellees contend, it attempted to limit the life estate of her husband to a term extending only until the time that the youngest child became of age. By the provisions of the statute, she had no power to dispose of his life estate by will. At the instant of her death he became vested with the right to occupy the homestead for the term of his natural life, irrespective of any terms or conditions contained in the will. It is urged that, for the reason that in the will she devised to him a portion of the land in fee and nominated him as her executor, the fact that he accepted the devise and qualified as executor constituted an election upon his part to take under the will, and not under the homestead law, but this cannot be so, because any language

of the will, the purport of which was to limit his life estate, was entirely nugatory and of no effect. The fact of marriage and family residence gave him the legal right to the life estate, and it could not be devested save by some act of his. Where there is no alternative, there can be no election. He is the owner of a life estate in the premises and has all the rights of a tenant for life.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.