In re Matter of the Estate of ISAAC MILLER, Deceased. MARY MILLER v. JOHN H. COLLINS, Executor, Appellant.

**Husband and wife:** ANTENUPTIAL CONTRACT: WIDOW'S ALLOWANCE. A widow is not precluded by an antenuptial agreement to accept a certain sum as her entire interest in her husband's estate, from receiving a widow's allowance for the year following the husband's death, as provided by statute.

*Appeal from Davis District Court.*—HON. F. W. EICHELBERGER, Judge.

SATURDAY, JUNE 5, 1909.

MARY Miller, as widow of Isaac Miller, deceased,

presented to the court in which the settlement of the estate was pending an application for allowance for support for one year, alleging that she was left without money or property to support her during the year for administration of the estate. This application was resisted by the executor on the ground that prior to her marriage to deceased the applicant had entered into a written antenuptial contract which precluded her from making such claim. There was a trial to the court on an agreed statement of facts, and the court made an allowance of $300 to the applicant, from which allowance the executor appeals.— *Affirmed.*

*Payne & Goodson,* for appellant.

*Taylor & Ramseyer,* for appellee.

McClain, J.—In Code, section 3314, it is provided that the probate court may make an allowance to the widow of decedent and to his children under fifteen years of age, or to either, of a suitable sum for their support for a period of one year. It is not contended that the allowance made in this case was not authorized, save on the ground that there was an antenuptial contract between the widow and deceased which excluded her from the benefit of such statutory provision. This contract, so far as material, was in the following terms: "We and each of us agree to marry the other, and, should the said Mary Fulk (applicant) survive the said Isaac Miller, she hereby agrees to accept in full of her part of all property of which the said Isaac Miller dies seized as owner, the household and kitchen furniture and three hundred dollars in cash, and it is hereby agreed by the parties hereto that in event of the death of said Isaac Miller before the death of said Mary Fulk the said Mary Fulk shall have all the household goods and kitchen furniture left by said Isaac

Miller and $300.00 in cash and this shall be all that she shall receive of the estate of said Isaac Miller." In the case of *Mahaffy v. Mahaffy*, 63 Iowa, 55, it was held that an agreement in an antenuptial contract to receive and accept a specified sum in full payment and in entire and complete satisfaction of all rights of dower and inheritance as widow and heir in the estate of her prospective husband and renunciation of all claim, right, title or interest in the estate by reason of relation of wife or widow did not bar her as widow from having an allowance under the statute, and the court held the widow not only entitled to such an allowance, but to the possession of the homestead for life. The construction which the court there placed upon the contract was that it related to the distributive share which the widow would have taken in the estate, and not to statutory provisions in her behalf with relation to an allowance for support during the settlement of the estate.

It is contended, however, for appellant that the contract now before us goes further than the contract in the *Mahaffy* case, in that it concludes with the general sweeping provision that the settlement made by the contract "shall be all that she shall receive of the estate of said Isaac Miller." We do not see any reason for giving to this clause any greater effect than was given to the similar clause in the *Mahaffy* case. In a very proper sense the estate of Isaac Miller in which his widow would have been entitled to distributive share had no relinquishment been made consisted of the property belonging to him at the time of his death and remaining for distribution in accordance with his will or otherwise as provided by law after the payment of his debts and the charges and expenses of administration. The allowance to widow and children is one of the expenses of administration. It is not taken out of the estate which is to be distributed, but is to be satisfied before the amount of such estate can be

ascertained. The fact that the widow was to have no interest in the estate under the contract would not, we think, deprive her of the statutory provision for support during the period of administration. A child under fifteen years of age might by will be absolutely cut off from any interest whatever in the estate of deceased, but notwithstanding it might be entitled to an allowance to be paid before the property of deceased could be distributed to the widow, heirs or legatees.

As is said by the court in *Pulling v. Durfee, Judge,* 85 Mich. 34 (48 N. W. 48): "The statutory provisions [similar to those now under consideration] are clearly intended to protect the widow and children during the progress of the settlement of the estate and pending distribution." And this court has said: "It must be understood that contracts designed to divest the wife of the benefits of the statutes in her favor after the death of her husband, and especially a statute providing for a necessary support immediately following such death, must not be of doubtful interpretation, but specific and certain as to such intent. In general the provisions of the statute in this respect embrace interests not alone personal to the wife, but to the children, and in a sense to the public, and a law thus designed is to be guarded with caution." *In re Estate of Peet,* 79 Iowa, 185. The widow's right to an allowance is in no sense an interest in the estate of her husband. Such an allowance can not be said to be an interest in the property itself of the husband. *Phelps v. Phelps,* 72 Ill. 545 (22 Am. Rep. 149). We reach the conclusion that there was nothing in the antenuptial contract precluding the court from making an allowance to the applicant.

Appellee's motion, submitted with the case, to dismiss the appeal, on the ground of subsequent payment to the widow of the amount of the allowance, need not be considered in view of the conclusion reached on the merits.

The order of the court making an allowance to the widow is *affirmed*.