In the Matter of the Estate of WILLIAM HAMILTON, Deceased. ELLA HAMILTON v. MINA HAMILTON, Appellant.

**Wills:** ALLOWANCE TO WIDOW AND CHILDREN. The amount set apart
1  and applied to the support of the widow and minor children of a decedent is not a part of the estate for distribution; nor is the right thereto an interest in the estate inconsistent with the widow's acceptance of the provisions of a will for her benefit.

**Same:** ELECTION BY WIDOW: RENTS AND PROFITS. It is presumed that
2  a widow named as executrix will administer the estate in accordance with the terms of the will, and will accept the provisions therein for her benefit, until she elects otherwise: So that where the widow, as in this case, was the executrix under the will and was given a life estate in certain lands, she was under no obligation to account for rents and profits, although she may have delayed filing her election to accept the provisions of the will.

**Executors and administrators:** ACCOUNTING: ATTORNEY'S FEES. The
3  allowance to an executor for attorney's fees in preparing his final report and securing his discharge is within the discretion of the trial court. And the fact that a report had been filed and an order of discharge entered was not conclusive of this question, where the executor's account was subsequently opened up and in a further and final account there was an additional showing of receipts and disbursements.

**Same:** EXEMPTIONS. Where it appeared that the exempt property
4  set off to a widow was sold and accounted for the same as though it belonged to the estate and the proceeds were used in paying debts, the court properly refused to charge the widow with anything on account of the exempt property, on the theory that having accepted the provisions of the will she was not entitled to the exemptions.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, JUNE 16, 1910.

THIS is a proceeding had on the petition of Ella Hamilton, as executrix of the estate of her deceased husband, asking the modification of her final report, on which she was discharged, showing that she had on hand at the date of such discharge $161.08 of the money of the estate; whereas, in truth the estate was indebted to her for disbursements. Mina Hamilton, the sole heir of the estate, answering by her next friend, denied the allegations of the petition, and contested certain allowances claimed by the executrix. The court, after hearing evidence, made a new statement of the account of the executrix and allowed her compensation in the sum of $31.25 and additional attorney's fees in the sum of $25, and found that including these allowances, the executrix was entitled to credit as against the estate in the sum of $51.72; and the allowance of $25 for attorney's fees was made a charge against the real estate in the hands of defendant. The defendant appeals.—*Affirmed.*

*F. M. Davenport,* for appellant.

*Salinger & Salinger* and *M. M. Cooney,* for appellee.

McCLAIN, J.—It appears that by the will of William Hamilton, deceased, all his property, both real and personal, remaining after the payment of his debts and certain legacies, was devised and bequeathed to his wife, Ella Hamilton, for life, with remainder to this defendant, his sole heir at law, and that his wife being appointed executrix of his will disposed of his personal property and paid the debts of the estate, and on filing an account she was granted a final discharge, and the estate was declared settled. Subsequently she filed in the probate court an election to accept the provisions of the will in her behalf in lieu of her statutory share in the estate. Before

her appointment as executrix, she had petitioned the court for support, and after her appointment an allowance to her had been made on that ground in the sum of $300. Without further going into detail, it is sufficient to say that, in the final accounting made by the probate court on the petition of the executrix to have her account restated, three questions are involved: First, is she entitled to retain as her own the $300 allowed for her support, notwithstanding the fact that she subsequently elected to accept the provision made for her in the will; second, is she entitled to retain as her own the produce of crops raised upon the premises while in her occupancy after the death of deceased and before her formal election to take under the will; and, third, was the court justified in allowing her $25 as attorney's fees to be paid out of the estate on sustaining her application to have her account corrected?

I.   The contention of appellant that the acceptance of the provisions of the will in her favor was inconsistent with her right as surviving widow to have an allowance

1. WILLS: allowance to widow and children.

seems not to be supported by the language of the statute relating to such an allowance, nor by the decisions interpreting such statute. The provision is that "the court shall if necessary set off to the widow and children of the decedent under fifteen years of age or to either sufficient of his property of such kind as is proper to support them for twelve months from the date of his death." Code, section 3314. This provision is clearly intended to afford protection to the widow and children pending distribution of the estate, and the amount thus applied by the court does not become a part of the estate for distribution, nor is the right to it an interest in the estate. *In re Miller's Estate,* 143 Iowa, 120. In that case we held that the right to such an allowance was not cut off by the antenuptial contract by which the widow had agreed to accept certain specified property in full of all her interest in the estate of her husband. We

think the reasoning in that case is applicable here. The acceptance of the provisions of the will in her favor was not inconsistent with the relief by way of an allowance of temporary support for a year, and the widow as executrix was not bound to account for the $300 received under such allowance.

II. The court did not err in relieving the widow as executrix from any obligation to account for the proceeds of crops raised upon the land of the deceased husband in which she was by the will given a life estate.

2. SAME: election by widow: rents and profits.

It is true she did not file a formal election to accept under the will until later; but she was appointed executrix, and it was to be presumed that she would administer the estate in accordance with the provisions of the will, until she had elected to renounce such provisions in her favor and claim the share in her husband's estate allowed to her by law. In the absence of an election made as provided by statute, the widow is conclusively presumed to consent to the provisions of the will and to elect to take thereunder. Code, section 3376. If in this case the widow, after receiving the proceeds of crops raised on the premises in which she was by will given a life estate, had elected to take her distributive share, then no doubt she would have properly been required to account for such proceeds as rents and profits to which she was not entitled. But her election to take under the will simply affirmed the presumption which existed from the beginning that she would do so.

III. It was within the proper discretion of the trial court to make an allowance to executrix for attorney's fees in preparing her final report and securing her discharge. Code, section 3415. The fact that

3. EXECUTORS AND ADMINISTRATORS: accounting: attorney's fees.

a previous report had been made under which an order of discharge had been entered did not necessarily show that no allowance for attorney's fees should be made when the court on a

subsequent application opened up the account. The defendant denies that any notice of the first application for discharge was ever served upon her, and claims that the first settlement and discharge were not therefore conclusive on her. See Code, section 3422. On the subsequent accounting the executrix acknowledged receipts not previously reported, and claimed credit for expenses not previously allowed, and, unless the final accounting was erroneous, she might properly be allowed out of the estate the expense of making such accounting.

IV. Counsel argue the question whether a setting off to the widow of exempt personal property was proper in view of her election to take the life estate given to her by law and refer to Code, section 3270, in which it is provided that any person may dispose by will of all his property subject to the rights of homestead and exemption created by law, and the distributive share in his estate given by will to the surviving spouse with the limitation that, if such surviving spouse is named as devisee, it shall be presumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead, and exemptions. By Code, section 3312, it is provided that personal property which is exempt from execution in the hands of decedent as head of a family shall after being inventoried and appraised be set apart to the widow as her property. The contention for appellant is that the provision for his widow made in Hamilton's will should be presumed to be not only in lieu of her distributive share, but also in lieu of the property which she might otherwise take as exempt. So far as we can discover, no such question was passed upon by the trial court. It is true that, as appears from the record, the executrix testified that there was set apart for her from the estate as exempt "two horses, two cows and calves, thirty-one hogs and shoats, one wagon, and one set of harness." But she further testified that the property

4. SAME: exemptions.

that was set apart to her as exempt was sold and accounted for the same as though it belonged to the estate, and the proceeds were used by her in paying off the indebtedness of the estate.   On cross-examination counsel made it appear that the executrix had in her possession a cow which had been enumerated as a calf in listing her husband's property after his death.   But it does not appear what the value of the calf was, and we think the court did not err in failing to charge the executrix with anything on account of exempt property.

The judgment of the trial court is *affirmed.*