EMMA PULVER, APPELLEE, V. KATE CONNELLY, APPELLANT.

FILED FEBRUARY 11, 1913. No. 17,021.

1. Mortgages: LIFE ESTATE IN HOMESTEAD. The life estate of the surviving spouse in the homestead may be mortgaged, and the purchaser upon foreclosure of the mortgage will take the life estate.

2. ———: AFTER-ACQUIRED ESTATE. If a mortgage deed purports to convey the whole property, an after-acquired interest of the mortgagor will accrue to the title conveyed by the mortgage. This includes an interest in real estate which descends to the mother upon the death of her son. No action of court is necessary to vest such title in the mother. The law vests the title immediately upon the death of the son.

3. ———: CONSIDERATION. An indebtedness secured by a chattel mortgage is sufficient consideration for a mortgage of land.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE.  *Affirmed.*

*Hoagland & Hoagland,* for appellant.

*Wilcox & Halligan, contra.*

SEDGWICK, J.

The defendant, Kate Connelly, is the widow of James Connelly, deceased, and the other defendants are their children.  Prior to the death of James Connelly the land in question was the homestead of the family upon which they resided.  After his death the defendant Kate Connelly executed and delivered to the plaintiff the real estate mortgage upon said land, which mortgage this action was brought to foreclose.  The trial court entered a decree of foreclosure, and the defendant has appealed.

The title to the land was held in the name of James Connelly, and at the time of his death there were eight children.  After his death and after the execution of the mortgage one of the children died.  The trial court held that the one-eighth interest of the deceased child descended to his mother, and that the mother had a life estate in the real estate, and ordered that the life estate and the one-eighth interest be sold to pay the mortgage.  The decree was right.  The homestead life estate can be mortgaged and the purchaser under the decree will acquire the life estate.  *Nebraska Loan & Trust Co. v. Smassall,* 38 Neb. 516.

The mother inherited the right of the deceased child.  This interest descended to her by operation of law.  There was no necessity of any decree of the court for that purpose.  The probate court would have no jurisdiction of such matter, and the constitution forbids that court to try title to real estate.  When a deed purports to convey the whole title, an after-acquired interest of the grantor "shall accrue to the benefit of the grantee."  Comp. St. 1911, ch. 73, sec. 51.

The real estate mortgage was given in consideration of a prior chattel mortgage between the same parties. This prior indebtedness and the surrender of the deed was sufficient consideration for the mortgage. The suggestion that the chattel mortgage was not released of record is immaterial in this case. The statute provides a method of compelling such release and a penalty for refusing to release a chattel mortgage of record upon demand duly made. There is no allegation of demand nor evidence of refusal to release in this case.

The judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.