## BACUS v. BURNS *et al.*

No. 3956. Opinion Filed June 1, 1915.

Rehearing Denied June 22, 1915.

(149 Pac. 1115.)

**HOMESTEAD—Wills.** B. died in Kingfisher county, Okla., in 1910, seised and possessed of 160 acres of land located therein, on which he and his wife lived as a homestead, and left surviving him his second wife, and ten adult children, six by her and four

by his first wife. In 1906, while living in Kansas, he made a will, with the written consent of his wife attached thereto according to the laws of that state, by the terms of which he gave 4/10 of his property, real and personal, to his children by his first wife, and the remaining 6/10 to his children by his second wife subject to her life estate therein, and provided that his property should be appraised, and after payment of his debts, a sufficient amount of the remainder thereof should be sold in order to pay the first 4/10 bequeathed to his children by his first wife. **Held:**

(a) That the wife's written consent attached to said will was merely an election to take under the terms thereof, in lieu of her right to inherit under the statute, and did not enlarge or diminish the terms of said will.

(b) That under the Constitution the homestead is reserved to the family, and, upon the death of said testator, his surviving wife, under section 6328, Rev. Laws 1910, had the right to continue to use and occupy the homestead during her lifetime; this right was hers individually, and not an interest in testator's property, and therefore not subject to testamentary disposition, and did not pass under said will, and her right to use and occupy the same is not inconsistent with the terms and provisions of said will; and that said homestead cannot be sold, over her objections, under the terms of said will, except subject to her right to use and occupy the same during her lifetime.

(Syllabus by Dudley, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action by Harriet E. Bacus against Malissa E. Burns and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*W. L. Moore,* for plaintiff in error.

*F. L. Boynton,* for defendants in error.

Opinion by DUDLEY, C. On and prior to March 26, 1906, John S. Bacus and the plaintiff in error, Harriet E. Bacus, were husband and wife, living together as such at Harper, Kan. On said day, the said John S. Bacus, hereinafter referred to as testator, with the written consent of

his wife, the said Harriet E. Bacus, made a will, which, omitting the formal part and the attestation, is as follows:

"Item 1.   I direct that as soon as practical, after my decease, that all of my just debts be fully paid, including expenses of my last sickness and funeral and burial expenses.

"Item 2.   I direct that as soon as practical after my decease that all of my estate both real and personal of any kind and character whatsoever be appraised by my executors and executrixes at its fair value, and that a sufficient part thereof be sold and converted into cash by my executors and executrixes to equal the sum of four-tenth, 4/10, of the appraised value of my entire estate both real and personal as aforesaid.

"Item 3.   I direct that the sum of money realized from such sale as aforesaid, and said sum being four-tenths, 4/10, of the appraised value of my estate as aforesaid, be divided equally, share and share alike, among and between four of my children and named as follows, to wit:   Malissa E. Burns, Mary M. Carter, Rose Etta Spangler, and Rachel D. Stewart, and I hereby give, grant, bequeath, and devise to each of said above named four children the one-tenth 1/10, equal share of the appraised value of my estate as herein above indicated and directed.

"Item 4.   All of the balance and remaining six-tenths, 6/10, of my estate, both real and personal, after the payment of the above named four-tenths, 4/10, in legacies and devises, I hereby give, grant, bequeath, and devise to my beloved wife, Harriet E. Bacus for the term of her natural life; and at her death, I give, grant, bequeath, and devise said six-tenths, 6/10, of my entire estate aforesaid to my six children, named as follows, to wit:   Andrew O. Bacus, Nellie E. Spangler, Wilber S. Bacus, James E. Bacus, Purlie B. Bacus, John H. Bacus, in equal parts and shares, share and share alike.

"Item 5.   I hereby name and nominate Malissa E. Burns, Mary M. Carter, and Nellie E. Spangler to be the

Bacus v. Burns et al.

executrixes and Andrew O. Bacus and James E. Bacus to be the executors of this will, and I hereby ask the court to appoint said persons as executrixes and executors as aforesaid, and furthermore make the following request to the court that the court do not require any bond from such persons as executrixes and executors as aforesaid.

"In witness whereof I have hereunto set my hand this 26th day of March, 1906.    JOHN S. BACUS."

The written consent above referred to is attached to said will, and, omitting the attestation, is as follows:

"STATE OF KANSAS, HARPER COUNTY—SS.

"Know all men by these presents, that I, the undersigned, Harriet E. Bacus of Harper, in Harper County, Kansas, being the wife of John S. Bacus, who is the testator in the foregoing last will and testament, and I do hereby give my express consent and agreement, by this writing, to all the terms, conditions and provisions of said will, and do declare that I am fully satisfied with all the provisions thereof and do expressly accept the provisions made for myself in said will in lieu of all my rights, under the law, as the wife and widow of the said John S. Bacus, should he die before me, and do hereby consent that said will be probated at the proper time and duly executed according to its terms and provisions, and I am at the time of giving this consent of sound and disposing mind and memory and give my said consent without any fear, undue influence or persuasion.

"In witness whereof I have hereunto set my hand this 26th day of March, 1906.

"HARRIET E. BACUS."

At the time this will was made, the plaintiff in error was the testator's second wife. He had four children by his first wife, and they are named and referred to in paragraph 3 of the will. He had six children by his second wife, the plaintiff in error, and they are named and referred to in paragraph 4 of the will. At the time the will

was executed, the testator and the plaintiff in error lived at Harper, Kan. He owned three pieces of town property (in one of which he lived), and, in addition to this, he had some farm land in Harper county. In 1907, the testator and his wife, the plaintiff in error, removed from Harper, Kan., to Kingfisher county, Okla., where he bought 160 acres of land, being the land in controversy, on which he and his wife established a homestead and continued to reside until his death, in April, 1910.

Under paragraph 5 of the will, Malissa E. Burns and Mary M. Carter, daughters of the testator by his first wife, and Nellie E. Spangler, a daughter by his second wife, and Andrew O. Bacus and James E. Bacus, sons by his second wife, were named executrices and executors, respectively. After the death of the testator, said will was duly admitted to probate by the county court of Kingfisher county, and Malissa E. Burns and James E. Bacus were appointed executrix and executor, respectively, thereof, and thereafter duly qualified as such and filed an inventory and appraisement of the estate of said deceased, including said homestead, appraised at $6,000, and personal property appraised at $1,965, exclusive of a note of $1,000. Following this and on February 13, 1911, Malissa E. Burns, Mary M. Carter, Rose E. Spangler, and Rachel D. Stewart, children of the testator by his first wife, the defendants in error, filed a petition in the county court of Kingfisher county praying for an order authorizing the sale of said homestead for the purpose of paying to them 4/10 of the appraised value of the estate, in accordance with the terms of said will. James E. Bacus, a son of the testator by his second wife, one of the executors of the will, did not join in this petition. Following this and

on March 4, 1911, Harriet E. Bacus, plaintiff in error here, the surviving widow of said deceased, hereinafter referred to as such, filed her application in the county court of said county to have said homestead set aside to her for her use and benefit during her lifetime, showing, among other things, that she and said testator were living upon said real estate as a homestead at the time of his death, and that she had continued to use and occupy the same as such since his death.

On the same day, to wit, March 4, 1911, the said James E. Bacus, one of the executors, filed an objection in the county court of said county, to the sale of said premises, for the reason, among others, that his mother, the surviving widow of said deceased, was entitled to use and occupy the same during her lifetime, and that the same was not subject to administration or sale during said time.

The petition for the sale of the homestead, the objections filed thereto, and the application of the surviving widow to have the same set aside to her were heard together, and an order made by the county court setting the same aside to her as a homestead and denying the petition to sell. From this order an appeal was perfected to the district court of Kingfisher county, where the judgment and order of the county court was reversed, and an order made directing the sale of said homestead, holding that the surviving widow was not entitled to have the same set aside to her as a homestead. From this order, the surviving widow and the said James E. Bacus have perfected separate appeals to this court, being cases Nos. 3956 and 3957, respectively. The actions have been consolidated here, and a determination of one will determine the other.

This will was executed, with the written consent attached thereto, under section 6603, Dassler's Compiled Laws of Kansas 1885, which is as follows:

"No man, while married, shall bequeath away from his wife more than one-half of his property, nor shall any woman, while married, bequeath away from her husband more than one-half of her property. But either may consent, in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting."

It is conceded that the testator was a resident of Kansas at the time the will was made, and that the same was properly executed under the laws of that state. This being true, it is entitled to probate under the laws of this state under section 8351, Rev. Laws 1910, which is as follows:

"A will, * * * made out of this state by a person not having his domicile in this state, is as valid when executed according to the law of the place in which the same was made, or in which the testator was at the time domiciled, as if it were made in this state, and according to the provisions of this article."

Its interpretation, however, so far as the same relates to real estate located in this state, is governed by the laws of this state. Section 8336, Rev. Laws 1910.

The statute under which this will was executed has been construed many times by the Supreme Court of Kansas. *Jack et al. v. Hooker*, 71 Kan. 652, 81 Pac. 203; *Comstock v. Adams*, 23 Kan. 513, 33 Am. Rep. 191; *Barry v. Barry*, 15 Kan. 587; *Cook v. Lawson et al.*, 63 Kan. 854, 66 Pac. 1028. Counsel, however, have not called our attention to a decision of the Supreme Court of Kansas (and we have been unable to find any) construing a will with

a written consent attached thereto similar to the one under consideration here. The written consent provided for in the Kansas statute is similar, in principle, to the widow's election, provided for in many states. Chief Justice Johnston, in the case of *Chilson v. Rogers et al.,* 91 Kan. 426, 137 Pac. 936, speaking with reference to this matter, said:

"The consent provided for is akin to the provision that a widow may elect to take under the law, instead of under the will of her husband."

The consent, when fairly made, cannot be revoked. Speaking with reference to this matter, Chief Justice Johnston, in the case just referred to, said:

"The consent, as we have seen, is no part of the will and, being a creature of the statute, cannot be annulled or recalled unless provision to do so is made by statute."

See, also, *Buchanan v. Gibbs,* 26 Kan. 277; *Reville v. Dubach,* 60 Kan. 572, 57 Pac. 522.

We therefore conclude that the written consent attached to this will is merely an election of the surviving widow to take under the terms of the will in lieu of her right to inherit under the statute, and does not enlarge or diminish the terms and provisions of the will.

It is important to determine what property may be disposed of by will. This is determined by section 8341, Rev. Laws 1910, which is as follows:

"Every estate and interest in real or personal property to which heirs, husband, widow, or next of kin might succeed, may be disposed of by will: Provided, that * * * no man while married shall bequeath more than two-thirds of his property away from his wife, nor shall any woman while married bequeath more than two-thirds of her property away from her husband. * * *"

From this section, it is clear that only such property as may pass by succession may be disposed of by will. This being true, it is next important to determine what property passes by succession. Section 8417, Rev. Laws 1910, determines this, reading as follows:

"The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, ·subject to the control of the county court and to the possession of any administrator appointed by that court for the purpose of administration."

If the deceased had died intestate, his property, real and personal, after the payment of his debts, would have passed by succession, one-third to his wife (or possibly a child's part, in this case) and the remainder to his children in equal parts. He only had a right to make testamentary disposition of just such property as might pass by succession, and no more. He is presumed ·to make disposition of just such property as he had a right to. *In re Gray's Estate,* 159 Cal. 159, 112 Pac. 890; *Herrick et al. v. Miller et al.,* 69 Wash. 456, 125 Pac. 974. The surviving widow under the terms of this will takes a life estate in an undivided 6/10 of the property, in lieu of her right under the law to inherit. His children's interest in the homestead is postponed during the life-. time of the surviving widow, or at least so long as she occupies the same.

Section 6328, Rev. Laws 1910, provides:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be· subject to administration proceedings, until it is otherwise disposed of according to law.·   *   *   * "

This court, in the case of *Holmes et al. v. Holmes,* 27 Okla. 140, 111 Pac. 220, Ann. Cas. 1912C, 659, construing this statute, held:

"When a husband dies seised in fee of land occupied and used by himself and family as a homestead, his surviving wife, although without children, is entitled, by reason of section 1607, Wilson's Rev. & Ann. St. 1903, as against his heirs, to occupy and possess the whole of such homestead as long as she preserves its homestead character by maintaining a home thereon."

See, also, *Funk v. Baker et al.,* 21 Okla. 402, 96 Pac. 608, 129 Am. St. Rep. 788.

In *Holmes v. Holmes et al., supra,* this court construed the words, "until otherwise disposed of according to law," and, following the construction placed thereon by the Supreme Court of North Dakota in the case of *Fore v. Fore's Estate,* 2 N. D. 260, 50 N. W. 712, held:

That the homestead "may be sold for taxes, or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price or any part thereof, or in the enforcement of a mechanic's lien."

It was also held in this case that the homestead is not a part of the estate subject to administration and to the payment of debts and liabilities of the decedent. If it may be sold only for the purposes above stated and is not an asset of the estate subject to administration, then it certainly follows that it cannot be sold to carry out the terms and provisions of this will, so long as the same is used and occupied by the surviving widow as a homestead, except the same be sold subject to her right to do so.

Under the Constitution of this state, the homestead is reserved for the benefit of the family. Section 2,

art. 12 of the Constitution.  *Gooch v. Gooch et al.,* 38 Okla. 300, 133 Pac. 242, 47 L. R. A. (N. S.) 480; *Alton Merc. Co. v. Spindel et al.,* 42 Okla. 210, 140 Pac. 1168. The surviving widow's right to use and occupy the homestead during her lifetime was not subject to testamentary disposition by the testator.  It was not his to give or to take; it was her right, given to her under the Constitution of this state, and no act of his, by will or otherwise, could deprive her of this right.  By consenting to the terms and provisions of this will, she did not waive her right to use and occupy the homestead during her lifetime.  Her right to do so is not inconsistent with the terms and provisions of the will.

There are many authorities supporting the conclusion we have reached, among which are:  *Davis v. Stephens,* 69 Cal. 458, 10 Pac. 671; *In re Walkerley's Estate,* 77 Cal. 642, 20 Pac. 120; *Koster v. Gellen,* 124 Mich. 149, 82 N. W. 823; *In re Lahiff's Estate,* 86 Cal. 151, 24 Pac. 850; *Sutherland v. Sutherland et al.,* 102 Iowa, 535, 71 N. W. 424, 63 Am. St. Rep. 477; *Mahaffy v. Mahaffy,* 63 Iowa, 55, 18 N. W. 685; *McGowan et al. v. Baldwin,* 46 Minn. 477, 49 N. W. 251; *Brichacek et al. v. Brichacek,* 75 Neb. 417, 106 N. W. 473; *In re Miller's Estate,* 143 Iowa, 120, 121 N. W. 700; *In re Hamilton's Estate,* 148 Iowa, 127, 126 N. W. 776; *Bliss v. Montague, Judge,* 149 Mich. 271, 112 N. W. 911; *In re Tompkins' Estate,* 12 Cal. 114; *Rowlett v. Rowlett,* 116 Tenn. 458, 95 S. W. 821; *Ball v. Ball,* 165 Mo. 312, 65 S. W. 552; *Jarman v. Jarman,* 72 Tenn. (4 Lea) 671; *In re Gray's Estate* (Cal.) *supra.*

In the case of *McGowan et al. v. Baldwin, supra,* it was held:

"A gift or devise by a testator to his wife as follows, 'one-half of all I own,' is not to be construed as intended to include the estate or interest of the wife in the homestead, which is incapable of being disposed of by him by will. She is not, therefore, in such case, put to an election between the statutory and testamentary provisions made for her, but is entitled to both."

In the case of *Mahaffy et al. v. Mahaffy, supra,* the court held:

"The right of the wife to continue in possession of the homestead after her husband's death is a mere personal privilege, unaccompanied by any property in his estate, and entirely distinct from the interest which she takes therein by inheritance. This right exists as well during the life of the husband as after his death. Accordingly, an antenuptial contract, whereby the wife agrees to accept a sum of money in lieu of her rights of dower and inheritance, does not bar her right to continue in possession of the homestead during her life. By the terms of the contract the wife agreed to relinquish all her rights of dower and inheritance, as her husband's widow and heir, 'in his said estate,' and to renounce 'all claim, right, title, and interest therein by reason of the said relation of wife or .widow of' her husband. *Held,* that the latter clause did not enlarge the meaning of the contract so as to exclude the widow from her homestead right."

*In re Lahiff's Estate, supra,* it was held:

"Where testatrix dies leaving no other property than the premises which she and her husband had occupied as a homestead, although, by her will, she distributes her entire estate in the form of money bequests, and authorizes her executor to sell the whole property, .the interest of the legatees is subject to the right of the husband to a homestead for a limited period, and to the authority and duty of the court to set it apart, given by Code Civil Proc. Cal., secs. 1465, 1468."

Under the view we take of this case, it will not be necessary to consider the question of equitable conversion contended for by counsel for defendants in error.

We think the judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.