[No. 1996.   July 30, 1917.]

## ANDROS v. FLOURNOY.

### SYLLABUS BY THE COURT.

A widow is not deprived of her right to an allowance for her support and maintenance for a period of six months, under the provisions of section 5893, Code 1915, by accepting the provisions of her deceased husband's will, which gives to her a stated sum, and states that the same is to be in lieu of all other demands against his estate.

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Petition by Jeanette W. Flournoy, widow, for an allowance for support out of the estate of M. W. Flournoy, deceased. From a judgment of the district court, on a trial de novo upon appeal from the probate court, granting petitioner an allowance, Nell E. Flournoy Andros, executrix, appeals. Affirmed.

Alonzo B. McMillen of Albuquerque for appellant.

The statutory right of widow's allowance cannot be defeated by the husband's will, but where widow elects to accept benefits under deed or will she must adopt the whole contents of the instrument and renounce every right inconsistent with it.

40 Cyc. 1896 and ca ci.; Beal v. Schley, 2 Gill 181, 200; Smithsonian Inst. v. Meech, 169 U. S. 415; 1 Pom. Eq. Jr. Sec. 496; In re Lufkin's Est. 63, Pac. 469; In re Bump's estate, 92 Pac. 644; In re Whitney's estate, 154 Pac. 857; Graham v. Converse, 61 N. W. 756; Rogers v.

Andros v. Flournoy, 22 N. M. 582.

Laws Executors, 1 Black. 253; 1 Jaxman on Wills, p. 374; 2 Storey's Esq., sec. 1075; Cowdry v. Hitchcock, 103 Ill. 262; Saxon v. Rolls, 51 Fla. 555; 41 South. 594; Sayles v. Christie, 187 Ill. 420; 58 N. E. 480; Boyles v. McMurphy, 55 Ill. 236; White v. Dance, 53 Ill. 413; Skinner v. Newberry, 51 Ill. 203; McMurphy v. Boyles, 49 Ill. 110; Lessley's v. Lessley, 44 Ill. 257; Miller v. Stevens, 158 Ind. 438; 63 N. E. 847; Hendricks v. McBeth, 61 Ind. 473; 28 Am. Rep. 680; Barnett v. Barnett, 1 Metcalf 254; Worsley v. Worsley, 16 B. Mon. 455; Collins v. Cloyd (Ky.) 29 S. W. 735; Coomes v. Clements (Md.) 4 Harr. & J. 480; Phillips v. Phillips, 91 Mich. 433; 51 N. W. 1071; In re Gotzian, 34 Minn. 159; 57 Am. Rep. 43; Nash v. Young, 31 Miss. 134; In re Manning 85 Neb. 60; 122 N. W. 711; 83 Neb. 417; 119 N. W. 672; Jones v. Gerock, 59 N. C. 190; Hunter v. Husted, 45 N. C. 97; Jones v. Jones, 44 N. C. 177; Heineman's Appeal, 92 Pa. St. 95; Hoove v. Landis, 76 Pa. St. 354; Shaffer v. Shaffer, 50 Pa. St. 394; Gupton v. Gupton, 3 Head. 488; Turner v. Fisher, 4 Sneed. 209; Melms v. Papst Brewing Co., 93 Wis. 140; 66 N. W. 244; Ditch v. Sennott, 117 Ill. 362; 7. N. E. 636.

Barth & Mabry, of Albuquerque, for appellee.

Under our law the allowance to the widow under the statute is not a part of her distributive estate but an expense of administration.

In re Miller's Estate, 143 Iowa 120, 121 N. W. 700; Pulling v. Durfee, 85 Mich. 34, N. W. 48; Est. of Welch, 39 Pac. 805; Estate of Walkerly, 41 Pac. 772; In re Bump's est. 92 Pac. 643; Leach v. Pierce, 29 Pac. 235; In re Lux's estate, 35 ac. 341; Lowe v. Lowe, 163 Mo. App. 209, 146 S. W. 100; Farris v. Coleman, 103 Mo. 352, 15 N. W. 767; Mahaffy v. Mahaffy, 61 Iowa, 679, 17 N. W. 16; King v. King, 184 Mo. 99, 82 S. W. 101, Sec. also 18 Cyc. 390; Wilson v. Wilson, 132 Pac. 69-70; In re Estate of Peet, 79 Iowa, 110, 24 N. W. 746; Miller v. Stepper, 32 Mich. 194; Bliss v. Livingston, Probate Judge 149 Mich. 271, 112 N. W. 911; Mahaffy v. Mahaffy, Supra; Wilson v. Wilson, 132 Pac. 70.

The rights of the widow under the will are not affected by taking the relief provided for in the statute.

Walkerly v. Est. cited supra; in Re Whitney's Est. 154 Pac. 855; Wilson v. Wilson, 132 Pac. 67.

### OPINION OF THE COURT.

ROBERTS, J.   M. W. Flournoy, a resident of the city of Albuquerque, this state, died in that city in September, 1915, testate.   The second item, of his will was as follows:

"Second:   I give, devise and bequeath to my wife, Jeanette Flournoy, if living at the time of my death, but not to her estate if deceased (the same to be in lieu of all other demands against my estate) the sum of twenty thousand dollars, to be paid from the proceeds of my estate as follows:   Five thousand dollars to be paid at the time of my death, and the balance to be paid at the convenience of my executrix hereinafter named, at any time within two years from the date of my death; provided, however, that until payment of this bequest in full has been made, all deferred payments shall bear interest from the date of my death until paid at the rate of eight per cent. per annum, payable monthly."

Deceased left an estate appraised at $212,000, the remainder of which was divised to his daughter, by a former marriage, Nell E. Flournoy Andros.   Mrs. Andros was his only daughter, and was named in the will as executrix. He was married to the appellee in December, 1911.   For some reason not appearing in the record, the executrix failed to pay the $5,000 to appellee, as provided by the will.   On November 9, 1915, appellee filed her petition in the probate court, asking for an allowance under the statute for her support for six months.   She also filed her election to take under the will.   Objection was filed on behalf of the estate to the statutory allowance, on the ground that by the terms of the will, which she had elected to accept, she was not entitled to the statutory allowance.   The probate court granted the petition and allowed the sum of $1,200.   Upon appeal the case was tried de novo, and after a statement of facts, upon which the petitioner relied, the executrix moved the court to deny the right of the widow to an allowance, on the ground that the provis-

ions in the will were exclusive and that, having accepted the same, she was not entitled to the statutory allowance. This motion was overruled, and the district court entered judgment granting the widow $1,200, in accordance with the prayer of her petition. From this judgment the executrix has appealed, and the only question here for determination is whether or not, by having accepted the provisions made for her in the will, the widow was debarred from receiving the statutory allowance. The statute in question is as follows:

"Section 5893: The court shall, if necessary, make an allowance to the widow and children under fifteen years of age sufficient to maintain them for six months from the death of the decedent."

Section 2283, Code 1915, reads as follows:

"As soon as the executors are possessed of sufficient means over and above the expenses of administration, they shall pay off the charges of the last sickness and funeral of the deceased, and they shall next pay any allowance which may be made by the court as provided by law for the maintenance of the widow and children."

Statutes somewhat similar to the above will be found in many of the states. In Iowa the statute reads as follows:

"The court shall, if necessary, set off to the widow and children of the decedent under fifteen years of age, or to either, sufficient of his property of such kind as is proper to support them for twelve months from the date of his death."

The court in construing this statute in the case of Hamilton v. Hamilton, 148 Iowa, 127, 126 N. W. 776, where the testator gave all of his property to his wife for life, with the remainder over to another party, said:

"The contention of appellant that the acceptance of the provisions of the will in her favor was inconsistent with her right as surviving widow to have an allowance seems not to be supported by the language of the statute relating to such an allowance, nor by the decisions interpreting such statute."

The court then quotes the statute and proceeds:

"This provision is clearly intended to afford protection to the widow and children pending distributon of the estate, and the amount thus appled by the court does not become a part of the estate for distribution, nor is the right to it an interest in the estate. In re Miller's Estate, 143 Iowa, 120 (121 N. W. 700.) In that case we held that the right to such an allowance was not cut off by the antenuptial contract by which the widow had agreed to accept certain specified property in full of all her interest in the estate of her husband. We think the reasoning in that case is applicable here. The acceptance of the provisions of the will in her favor was not inconsistent with the relief by way of an allowance of temporary support for a year, and the widow as executrix was not bound to account for the $300 received under such allowance."

In the case of Phelps v. Phelps, 72 Ill. 545, 22 Am. Rep. 149, in construing a similar statute, the court said:

"The law also charges the husband's estate with the support of his widow and his children residing with her, for the period of one year after his death, at least to the extent of certain articles of property, or their value in money. This latter right is one created by positive law, and attaches in all cases, whether there is sufficient property or not to pay the debts of the decedent. Being a statutory right, it is one of which the husband cannot deprive his wife and children, no more than he can relieve himself of his obligation to support them while living. It is in no case affected by the widow renouncing or failing to renounce the benefit of the provisions made for her in the will of her husband, or otherwise. Our laws on this subject have always been liberal, but the tendency of more recent legislation is to enlarge rather than abridge, the beneficent provisions in this regard. The same protection has been extended by statutory enactments to the minor children of the decedent, where he is a householder at the time of his death, and leaves no widow.

"The right of the wife to support during marriage is not an interest, strictly speaking, in the property of her husband. It is a benefit arising out of the marital relation by implication of law. Treating the provision which the law makes for the widow and the children residing with her, by the allowance of specific articles of property, as a means of support, it cannot be said to be an interest in the property itself of the husband. It comes within no definition of property. It is a benefit created in their favor by positive law, and adopted for reasons deemed wise and politic."

The Supreme Court of Michigan has given the same construction to a similar statute. See the cases of Pulling v.

Durfee, 85 Mich. 34, 48 N. W. 48; Bacon v. Judge of Probate, 100 Mich. 183, 58 N. W. 835; Hill v. Kalamazoo Probate Judge, 128 Mich. 77, 87 N. W. 113. In the latter case, the syllabus reads as follows:

"A widow, by electing to take under the will of her husband, which gives her a life estate in his realty 'in lieu of all other rights, claims, and demands which she may have in or against' his estate, does not waive her right to an allowance under 3 Comp. Laws, § 9289, for her support during the progress of the settlement of the estate."

Other cases holding likewise might be cited, but we do not deem it necessary. Under the statute in question, as is clearly shown by the adjudicated cases, the allowance to the widow or minor children is independent of any provisions made by the will for such dependents. The husband or father, if he so elected, is powerless to deprive the court of the right to make the allowance or regulate the same in any manner. The purpose of the statute is to provide adequate support and maintenance for the dependent wife and children during the process of the settlement of the estate and until such time, presumptively, as they receive the provisions made for them by the law or under the will. The question as to whether or not an allowance shall be made and the amount of the same rests in the discretion of the probate judge in the first instance, or the district court upon appeal, and is not subject to review by the appellate court, except for the gross abuse thereof. In the present case, it appears that the executrix had failed to pay to the widow the $5,000 required to be paid immediately upon the death of the testator. The widow was without means of support. This being true, the probate court properly allowed her such sum as was shown to be necessary for her support for the statutory period. For the reasons stated, the judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.