# Connell *v.* Cole.

*Bill in Equity for Sale of Land for Equitable Division.*

1. *Conveyance in trust for donor and her children, with power in trustee to sell after her death, and distribute proceeds equally among surviving children; estate of trustee, and interest of children.*—Where a widow, being entitled to dower in a tract of land which had been sold and conveyed by her husband during coverture, and having obtained a decree in chancery establishing her right, and charging an annuity in her favor on the land for the value of her interest, released and relinquished all her interest in the land and under the decree to the purchaser, in consideration of his conveyance of a particular portion of the land to a

[Connell v. Cole.]

trustee, his heirs and assigns, in trust that he shall permit her to use, occupy and enjoy the premises during her life, free of all rent or charges; that after her death, he or his successor as trustee shall have the right and power to permit her children to use and occupy the premises so long as he thinks proper, and, whenever in his judgment he thinks best, he may sell and convey the property on such terms as he chooses, and shall divide the proceeds of sale equally "among all the children who may then be living, and their receipts shall be a full discharge of him as such trustee: *Held*, (1) that the deed did not create a naked trust, but imposed on the trustee active and substantial duties; (2) that the trust did not cease on the death of the trustee during the life of the mother, nor by the failure to appoint another in his stead; (3) that the children, living at the date of the conveyance, took no vested interest or estate under it; (4) and that on the death of the widow, leaving only one child surviving her, that child took the entire estate, to the exclusion of a child of a deceased child.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 1st May, 1889, by James S. Cole, an infant, who was a grandson of Mrs. Frances D. Sheppard, deceased, against Mrs. Elizabeth C. Connell, who was the sole surviving child of Mrs. Sheppard; and sought to establish the rights of the complainant, as tenant in common with the defendant, in and to a house and lot of which the latter was in possession, and to have it sold for equitable division or distribution between them. Both of the parties claimed under a deed dated August 6, 1860, by which H. W. Broadnax and wife conveyed the property to M. G. Anderson, as trustee, for the use and benefit of Mrs. Sheppard and her children, then five in number. The provisions of this deed, and also the provisions of another deed, which formed part of its consideration, and which was executed to said Broadnax by Mrs. Sheppard, are stated in the opinion of the court. The bill alleged that Anderson, the trustee, "never asserted any rights under said deed, and removed from the State many years ago, and died about twenty years since"; that no trustee was ever appointed in his stead, and that Mrs. Sheppard died in January, 1889.

The defendant demurred to the bill for want of equity, on the ground that the complainant had no interest in the property under the deed from Broadnax. The chancellor overruled the demurrer, and his decree is here assigned as error.

JUDGE & DEGRAFFENREID, for appellant, cited *Thompson v. Ludington*, 104 Mass. 193; 2 Washb. Real Property, 510, § 18; *Ib.* 665, § 31; 1 Lewin on Trusts, 600, § 1; *Ib.* 613, § 2; *Ib.* 216, § 1.

[Connell v. Cole.]

GREENE B. MOBLEY, *contra*, cited 68 Me. 133; 34 Ala. 409, 386; 51 Ala. 574; 64 Ala. 50; 65 Ala. 134; 69 Ala. 34; 71 Ala. 223; 78 Ala. 533; 4 L. C. Real Property, Budd & S., 26, 65; 42 N. J. Eq. 127; 16 *Ib.* 478; 24 *Ib.* 232; *Hill v. Jones*, 65 Ala. 214; *Young v. Young*, 97 N. C. 132; 69 N. Y. 1; 2 Washb. R. P. 547; Perry on Trusts, §§ 250, 258; 3 Jarm. Wills, 330.

CLOPTON, J.—By an indenture, entered into August 6, 1860, between Henry W. Broadnax and wife on the one part, and Mason G. Anderson for the use and benefit of Frances D. Sheppard and her children, of the other part, the former, in consideration of a note given by the latter for twenty-one hundred dollars, and Mrs. Sheppard's relinquishment of all her right of dower, and a claim to an annuity and rent decreed to her by the Chancery Court, bargained, sold and conveyed to Anderson the lot of land in controversy, "to have and to hold said lot, with all the improvements thereon, unto him, the said M. G. Anderson, his heirs and assigns forever, in trust nevertheless: the said Anderson, as her trustee, shall permit the said Frances D. Sheppard to use, occupy and enjoy, free of all rent or charges, the said houses and lot, for and during her natural life-time; and then, after her death, that the said Anderson, or his successor, as her trustee, shall have the right and power to permit the children of the said Frances B. to use and occupy the premises so long as he thinks proper, and, whenever in his judgment he thinks best, he may sell and convey the said lot (at public sale), on such terms as he chooses; and the proceeds of the sale therefor he shall divide equally among all the children of the said Frances D. who may be then living, and their receipts shall be a full discharge to him as such trustee."

Cotemporaneously with the execution of this indenture, Mrs. Sheppard made a conveyance of other land to Broadnax, which recites, "whereas, the said Henry W. Broadnax and his wife, by deed bearing even date herewith, have, in consideration of this relinquishment [her dower and annuity] by the said Frances D. Sheppard, as well as for the other considerations therein named, conveyed to one Mason G. Anderson, for the use of the said Frances D. and her children, a part of the land and premises out of which dower has been allotted to her as aforesaid." At the time of the execution of the deed, Mrs. Sheppard had five living chil-

[Connell v. Cole.]

dren, four of whom died during her life-time, appellant being the only surviving child. Appellee is the only child of one of those who died, the others having left no descendants. Mrs. Sheppard died in January, 1889, and Anderson, the trustee, died about twenty years before the filing of the bill. Appellee invokes by the bill the intervention of the court, to sell the property and distribute the proceeds among those entitled thereto under the trust deed, claiming that he is entitled to share equally with appellant in the distribution of the trust fund. The bill proceeds on the hypothesis, that the objects of the trust have been accomplished, and that complainant and defendant are tenants in common, each entitled to a moiety.

Before approaching the main inquiries, it is proper to consider the insistence of the complainant, that the trust is a naked trust, and that the legal and equitable estates are united in the *cestuis que trust* by the operation of the statute of uses, and that the power of sale is a mere discretionary power, the execution of which will not be compelled by the court. A bare trust is where the trustee is the mere depository of the naked title, charged with no duty, and without power to take possession, or manage, or exercise any control over the property.—*Tindall v. Drake*, 51 Ala. 576; *You v. Flinn*, 34 Ala. 409. By the deed, the trustee is charged with the performance of active and substantial duties in respect to the trust property, for the benefit of third persons, with its control and management, and sale after the death of Mrs. Sheppard, and the distribution of the proceeds among those entitled. Mr. Pomeroy names as one of the most frequent and important of active trusts, "where the primary object is to sell and dispose of the entire property in some manner, and to use the proceeds for some ulterior purposes." 2 Pom. Eq. Jur. §§ 991-992. In the case of active trusts, the title of the trustee continues so long as it is necessary to support the equitable title of the *cestui que trust*, or until its objects are accomplished and the trust executed.—*Peake v. Yeldell*, 17 Ala. 636; *Jones v. Reese*, 65 Ala. 134. The objects of the present trust are not accomplished, until there is a sale of the property and a distribution of the proceeds.

Whether a power of sale is discretionary or imperative, depends upon the intention of the donor, which must be determined from the instrument with reference to the attendant circumstances. Construing the two deeds as parts of one and the same transaction, Mrs. Sheppard may be regarded

as the real donor, Broadnax being the mere instrument through whom the gift was made. The deed vests in her a beneficial interest in the property—its use, occupation and enjoyment—during her life only, a life-estate; and as no disposition of the property after her death is made, other than its sale and the distribution of the fund, it is clear that the intention was to create a trust—to provide and distribute the fund. This is made more manifest by the provision for a successor in the trust. The trust to distribute can not be executed without first executing the power of sale; it is therefore a power coupled with a trust. As the purposes of the deed can not be accomplished without the exercise of the power, it becomes imperative, and the donee is bound to exercise it in a reasonable time.—*Peters v. Lewis*, 18 Ch. Div. 429. The trust being created for the benefit of the surviving children, the court, having regard for their rights, will not allow the trust to fail, and their interests to suffer or be disappointed, because of the failure or death of the donee, but will compel its execution, or, in case of his death, execute it, or appoint a trustee to do so.—*Leeds v. Wakefield*, 10 Gray, 514; *Brown v. Higgs*, 18 Ves. 574; 1 Perry on Trusts, § 248.

A material inquiry is, whether the children of Mrs. Sheppard take directly by the form of the gift, or through the *medium* of the power. Complainant's counsel contend, that the deed, upon its execution, vested a remainder in the children then living, subject to be divested by the exercise of the power of sale. This contention is founded on the employment in both deeds of the expression "for the use and benefit of Mrs. Frances D. Sheppard and her children." As a general rule, when a deed conveys property to a trustee, for the use and benefit of a mother and her children, she having children living, a gift *in presenti* is imported, and an interest in the property vests immediately in all the beneficiaries. This is the effect where the words are used in the granting part, or *habendum* of the deed. The rule does not apply when the words are used as descriptive of the capacity in which the grantee takes, and the deed defines and limits the use and benefit to particular members of the class. It may be, if the deed contained only the premises and a general *habendum* clause, without declaring special uses and trusts, that the recital that the indenture was entered into by Anderson for the use and benefit of Mrs. Sheppard and her children, would indicate an intent that an estate should vest in the children.—*McBrayer v. Carriker*, 64 Ala. 50,

25

In *Lambert v. Thwaites*, 2 Eq. L. R. 150, it was held, that a post-nuptial settlement, by which property was conveyed to trustees, upon trusts to pay the rents to W. and his wife during their lives, and after the death of the survivor, upon trust to sell and divide the proceeds amongst all and every one of the children of W., in such shares and proportions as he should by will appoint, was a direct gift to all of the children living at the date of the settlement, and that the property was vested in them, liable to be divested by the execution of the power. In that case, all the children were entitled to share by the terms of the gift, the proportions only to be appointed by W. In this case, those only who were living at the time fixed by the instrument for the distribution of the proceeds of the sale are entitled to take. The deed conveys the legal estate to Anderson and his heirs. The general grant is followed by an *habendum*, declaring the special trusts upon which it was granted, thus limiting and defining the estate it was intended to grant. This is the proper office of the *habendum*, and there is no repugnancy between it and the granting part in respect to the estate which the grantee is to take in the property. The children could use and occupy it, after the death of Mrs. Sheppard, only by permission of the trustee, and only so long as he thought proper. Power was conferred upon him to sell and convey the property whenever he deemed best. There are no operative words to give effect to a limitation over, by which any interest or estate in the property itself could vest in the children. The exercise of the power of sale is a condition precedent to its actual enjoyment by them, or any of them, other than a permissive enjoyment. If any of them took a beneficiary interest by way of gift, they were those only who were living either at the death of Mrs. Sheppard, or at the time of a sale under the power. It follows that the children took no vested interest in the property directly by the form of the gift.—2 Lewin on Trusts, 838.

Having ascertained that the trust is an active trust, the power of sale imperative, and that the interest of the children is transmitted through the *medium* of the power, the remaining question is, among whom would the court, in exeuting the trust, distribute the fund? If the instrument itself gives the property upon trust for a specified class of persons as the trustee shall appoint or select, and the donor fixes no rule by which the discretion is to be governed, all

[Connell v. Cole.]

the members of the class take a vested interest by the gift, subject to be divested by the exercise of the power, and on its failure all of them are entitled to take. This is also the rule declared by the statute, which provides: "If the trustee of a power, with the right of selection, dies, leaving the power unexecuted, its execution may be decreed in equity for the equal benefit of all the persons designated as the objects of the trust."—Code, § 1860. But, even when the power of appointment or selection is discretionary, if the donor prescribes a rule by which the appointment or selection is to be governed, the court will put itself in the position of the trustee, and substitute its own judgment for his. 1 Perry on Trusts, § 255; 2 Lewin on Trusts, 836. The principle is, that when the donor lays down a rule, the court will observe it in executing the trust, if practicable. In the deed under consideration, no discretion is conferred on the trustee. The instrument itself lays down a fixed and definite rule to govern the distribution of the fund—"and the proceeds of the sale therefor he shall divide equally amongst all the children of the said Frances D. who may be then living, and their receipts shall be a full discharge to him as such trustee." Only the objects of the power are entitled to equally participate, and those only are objects of the power in whose favor it could at any time have been exercised.

The power to sell could not have been executed during the life-time of Mrs. Sheppard. The children, who predeceased her, could not by any possibility have taken any benefit under it; and "none can take by implication, who could not have taken under an execution of the power." *Winn v. Fenwick*, 11 Beavan, 438; 2 Lewin on Trusts, § 412. The result is, that complainant is not entitled to participate in the distribution of the trust fund.

Decree reversed, and decree here rendered sustaining the demurrer, and dismissing the bill.

Reversed and rendered.