[Sac. No. 2646.  In Bank.—January 28, 1918.]

In the Matter of the Estate of DANIEL GLANN, Deceased.

ESTATES OF DECEASED PERSONS — WILL — CONSTRUCTION.—Where the will of decedent who left a widow and one child directed, in substance, that his estate should not be distributed until the death of two named brothers who were his partners in business, that upon the death of those two brothers, his wife, if living, should have the use of one-half of the property, and his child or children the remainder of the income, that, on the death of the wife, all the property should go to the child or children, but not to vest in them until the death of the testator's two brothers and his wife, and if the wife and all children should die before the death of the two brothers all the property should go to the two named brothers for their lives, and upon their death to vest in the testator's other brothers and a sister, but no provision was made for the event of the child being dead and the widow surviving when the time for distribution arrived, and the child in fact died while a minor before the death of the two named brothers, leaving her mother, the widow, surviving, the testator's other brothers and sister had no interest in the property, since under the terms of the will the death of both the wife and child before the death of the two named brothers was a

condition precedent to the disposition to the other brothers and sister.

ID.—PARTIAL INTESTACY.—Where a testator's only child died before the mother, and the mother thereafter survived the testator's two named brothers, who were given a life estate with remainder over to other brothers and a sister, but only on the condition precedent of the mother and all children dying before the two named brothers, with no disposition over in case of the death of the child and the two brothers leaving the mother surviving, a partial intestacy resulted and the title went to the mother, one-half by inheritance from the deceased husband, and the remaining one-half as heir of the daughter.

APPEAL from a decree of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Henry Conlin, John O. McElroy, Elliott & Atkinson, White, Miller, Needham & Harber, and Paul A. McCarthy, for Petitioners.

George & Hinsdale, Devlin & Devlin, and Stephen F. Otis, for Respondent.

WILBUR, J.—This is an appeal from a decree made October 3, 1916, determining the rights of all persons to the estate of the deceased in a proceeding under the provisions of section 1664 of the Code of Civil Procedure. The deceased died March 14, 1887. His will was thereupon probated, but, in accordance with a request expressed in the will, no proceedings were taken for distribution until after the death of his two brothers, Peter and Vincent. Then these proceedings were instituted. The lower court held that all the property should go to the respondent, Anna Glann, the surviving wife of the decedent. There also survived the decedent a daughter, Anna, an only child, the fruit of his marriage with the respondent. This daughter died May 23, 1901, when sixteen years of age, unmarried and without issue. The widow by right of inheritance from her husband, and as the heir of her daughter, would be entitled to all the property of the decedent, in the absence of any will, or to the extent that the property was undisposed of thereby. (Civ. Code, sec. 1386, subd. 1.) The appellants herein do not claim by right of

heirship, but under the fifth provision of the will, hereinafter set forth.

For a correct understanding of this contention it will be necessary to state some of the facts, and some of the provisions of the will. The will was executed November 23, 1886, contemporaneously with an agreement of partnership between the deceased and his two brothers, Peter and Vincent, which was referred to in the will. At the time of the execution of these instruments the decedent had been married about two and a half years to Anna Glann. They had one child, the daughter above mentioned, then about a year and six months old. The testator was then about fifty-five and his wife about twenty years old. The partnership agreement provided that the business of the firm should be the business of ''farming, stockraising, and conducting a dairy on the land therein described''; that the partnership was to commence at once and be continued as long as two of the partners survived; that ''if either of the partners shall die the business of the firm shall be carried on by the survivors''; after the death of two of such firm ''the business shall be carried on by the survivor in the same name (Glann Brothers) until his death''; that in the case of the death of either of said firm, ''leaving a family, the said family shall be entitled to the share of the deceased member in the profits of said business, and the survivor or survivors shall be deemed a trustee for such family and the support of such family shall come out of the deceased member's share of the profits of said business; that if all the members of said firm or the survivor or survivors shall determine it to be for the benefit of said business, any part of the real estate owned by the said three members, as above stated, may be sold and the proceeds invested for the firm or for the use or benefit of the survivor or survivors and the family of the deceased member or members''; that ''at the death of the survivor all of the property of the said copartnership, as well as the real estate hereinbefore mentioned shall be disposed of as provided in the several wills of the said copartners, or as directed by the laws of succession of said state, it being the purpose of the signers hereof to continue said business as long as either shall live, and that then said property shall go to the heirs, devisees and legatees of each.''

The first clause of the will gives the wife a homestead in certain property during the life of the two brothers of the deceased. The second clause refers to the above-mentioned partnership agreement, and recites that thereby the balance of his property had been "placed under the control of the firm formed by said contract, and the survivor or survivors of the members thereof until all of such members shall be dead." Then bequeaths his wife "my third of the net proceeds of the business of said copartnership so long as either of my said brothers shall live, for the support of herself and family," and provides for the distribution of any surplus of said income, so that the children will have a share therein. The next four clauses are as follows:

"Third. When my said brothers Peter and Vincent shall both be dead then there shall be under the direction of the proper court a division and distribution of all my interest in the property held under said contract and of the accumulations thereof in the hands of such survivor and of said homestead property as follows: To my said wife, if she be then living the use of all of said property until my said child shall attain majority and when my child or children shall become of age my wife shall have the use of one-half of all of said property real and personal, during the term of her life, the other half shall go to my children share and share alike, and in the event of the death of any of my children under age leaving issue such issue shall take the share of the parent by right of representation, upon my youngest child attaining majority.

"Fourth. On the death of my said wife all my said property shall go to my children then living in equal shares and to the children of such children if any by right of representation provided that such property shall not so vest in such children until the death of both my said brothers Peter and Vincent and after my wife's death, and until the death of my said two brothers my said children shall only receive my one-third of the net proceeds of said copartnership business.

"Fifth. If my said wife and all my children and their children shall die before the death of both of my said brothers Peter and Vincent then it is my will that all my property shall go to my said two brothers Peter and Vincent for their lives and upon their death the same shall go to and vest in my other brothers and sisters in equal shares and as to any

brother or sister who is now dead or who may die before the death of the said Peter and Vincent, it is my will that his or her share shall go to his or her heirs.

"Sixth. It is my will that during the continuance of the said copartnership agreement all my interest in the said property in said agreement mentioned and the proceeds thereof not turned over to my said wife and children as above provided, shall be held in trust by my said brothers and the survivor of them, the proceeds to be disposed of as in that agreement herein provided."

The will then provides that the brothers Peter and Vincent should be appointed executors without bonds; that after the filing of the inventory and payment of debts, "no further proceedings be taken in my estate, but that the affairs thereof be administered under said agreement and this will without the intervention of such court until the death of my two brothers Peter and Vincent, and upon their death I request that my wife or one of my children be appointed executrix and the distribution of all my property be immediately made as hereinbefore provided." It is apparent from the foregoing that it was the intention of the testator that his estate should be held in trust by his brothers or the survivor of them, the income thereof to be paid for the support of his family, and upon their death the property to be distributed, the management and control, however, at all times theretofore to be in the survivor or survivors of said partnership.

It will be observed that the third clause gives the fee in one-half of the property to the daughter, and a life estate in the other half to the wife, "when my brothers Peter and Vincent shall both be dead," leaving the remainder of the fee, in the half subject to the wife's life estate, undisposed of; that the fourth clause in logical sequence disposes of that remainder by providing that "on the death of my wife all my property shall go to my children then living," but the testator evidently considered that such death might precede that of either Peter or Vincent. So we have the proviso that the property shall not vest in such children "until the death of both my said brothers Peter and Vincent," etc. Appellants treat this clause as a provision that title should not vest at all in the children if the brothers are alive when the wife dies. This does violence to the express terms of the will, which provide that upon the death of the wife the property should go to

the children "then living." The proviso that the property should not "vest" in the children was evidently to prevent them from interfering with the possession and management of the property by Peter and Vincent and the performance of their duties with relation thereto, as provided by the partnership agreement and the will, and was used in the same sense as taking of possession, as is permissible. (*Burney* v. *Arnold*, 134 Ga. 141, [67 S. E. 712]; *Jacobs* v. *Whitney*, 205 Mass. 477, [18 Ann. Cas. 576, 91 N. E. 1009]; *Nolan* v. *Otney*, 75 Kan. 311, [9 L. R. A. (N. S.) 317, 89 Pac. 690].) No provision is made in the event that the wife survived all issue, but the fifth clause does provide for the other possible situation, namely, the death of the wife and children and their descendants before the death of the brothers Peter and Vincent.

That the death of the wife and issue before the death of the brothers Peter and Vincent was a condition precedent applying to the entire disposition in the fifth clause to such brothers, with remainder to the other brothers and sisters and heirs, seems too plain for argument, or to require a discussion of the numerous cases cited by the appellant, each of which must, of course, depend upon the peculiar circumstances of such case. (Civ. Code, secs. 1346, 1347.) If we hold under subdivision 4 that the title of the child to one-half the property was dependent upon its surviving its mother, then as to that contingent remainder there was no disposition by will, and the title to that extent goes by inheritance one-half to the wife and one-half to the daughter, and by reason of the latter's death that half goes to her mother, the decedent's wife, as her heir. If we regard the fourth clause as vesting a remainder in fee in the child, the same result follows by a little different process, namely, all goes to the mother, as her sole heir. It is true that wills are to be construed so as to prevent partial intestacy, but here we have a complete scheme for distributing all of the property of the estate in all events except to those very unlikely to occur. The claims of the appellant are based on a clause of the will which deals with the remote contingency that the wife, child, and descendants of children shall be dead before the two brothers of the deceased died, and, aside from their life estate, make substantially the same disposition as by the law of succession. A strained construction of this clause

should not be indulged in at the expense of the widow of the deceased.

The judgment is affirmed.

Shaw, J., Victor E. Shaw, J., *pro tem.*, Melvin, J., Sloss, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.

Rehearing denied.