**POLSKY v. CONTINENTAL NAT. BANK
OF LINCOLN, ÑEB., et al.
ADELSON et al. v. POLSKY et al.
Nos. 11512, 11513.**

Circuit Court of Appeals, Eighth Circuit.
Feb. 19, 1940.

Eugene N. Blazer, of Omaha, Neb., for Ruth Polsky.

Herman Ginsburg, of Lincoln, Neb. (Max Kier, of Lincoln, Neb., on the brief), for Sarah Adelson et al.

Louis B. Finkelstein, of Lincoln, Neb. (R. S. Mockett, of Lincoln, Neb., on the brief), for Denver National Home for Jewish Children et al.

Maxwell V. Beghtol, Glen H. Foe, and J. Lee Rankin, all of Lincoln, Neb., for Continental Nat. Bank of Lincoln, Neb.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

These are appeals from a decree entered in a suit for the construction of a will. Morris Polsky, who died April 4, 1929, left surviving a widow, Rachel C. Polsky, a daughter, Ruth Polsky, and a son, Bernard S. Polsky. Morris Polsky had been twice married, and Ruth Polsky was his daughter by his first wife, while Bernard S. Polsky was his son by his second wife. The testator executed his will on July 19, 1928, naming therein as beneficiaries, legatees and devisees his surviving widow, his daughter and his son, and making certain other bequests hereinafter to be noted. Bernard died February 19, 1931, intestate, at the age of 22 years. The widow, Rachel C. Polsky died May 22, 1936, testate, and her estate is now being probated in the County Court of Lancaster County, Nebraska.

Upon the death of the widow, Rachel C. Polsky, her stepdaughter, Ruth Polsky, commenced this suit for construction of the will of her father in so far as it related to (1) the fee and the income to Lot 5, Block 211, in the City of Lincoln, Nebraska, this property being the homestead of the testator and his spouse, Rachel; (2) the income from Lots 8 and 14, Block 42, in the City of Lincoln, Nebraska, said property and income therefrom being included in the so-called twenty-five year trust; and (3) the income from the balance of the property, referred to as the twelve year trust.

The executrices of the estate of Rachel C. Polsky, deceased, are in this controversy asserting the rights of the widow under the will and also asserting whatever rights were possessed by the widow as the only heir at law of Bernard S. Polsky, deceased, who was one of the beneficiaries of the several trusts created by the will.

The residuary clause of the will bequeathed the residue of the estate to the Lincoln Trust Company, the predecessor of the Continental National Bank of Lincoln, Nebraska, which has succeeded to the trust.

The trustee under the will has approximately $10,000 for distribution, being income received from the intrusted properties. The Denver National Home for Jewish Children, of Denver, Colorado, the Jewish Consumptive Relief Society of Denver, Colorado, the Jewish Orphan Home of Cleveland, Ohio, the National Jewish Hospital of Denver, Colorado, and the Ex-Patient Tubercular Home of Denver, Colorado, answered and filed cross-complaints asking for a general construction of the fee titles to all of the property.

The lower court dismissed the cross-complaint of these institutions and decreed (1) with respect to the homestead (Lot 5, Block 211, City of Lincoln) dealt with by paragraph 11 of the will, that the trust had not expired; that plaintiff, Ruth Polsky, is entitled to recover three-fourths of the net income received from this homestead property since the death of Rachel C. Polsky, and that the remaining one-fourth should be retained by the trustee as a part of the corpus of the trust estate; (2) with respect to the twenty-five year trust, created by paragraph 13 of the will, that plaintiff was entitled to recover of the trustee one-half of the net rentals received since the death of Rachel C. Polsky, the remaining one-half to be retained by the trustee as a part of the corpus of the trust estate; (3) with respect to the twelve year trust, that plaintiff was entitled to three-fourths of the net income received by the trustee from said properties, the trustee to retain the remaining one-fourth as a part of the trust estate, to be dealt with according to the terms of the trust.

The lower court refused to make any findings or determination with reference to the corpus of the trust estates or with respect to subsequent distribution of the income of said trust properties, or with respect to the ultimate disposition of the properties involved in the trusts. Ruth Polsky and the executrices of the estate of Rachel C. Polsky have appealed.

It is the contention of the appellant Ruth Polsky, that she is entitled (1) to the fee of the homestead, effective on the date of the death of the widow; that if in error as to this, she is entitled to all of the income; (2) that she is entitled to all of the income from the twelve year trust, effective on the date of the death of the widow; (3) that as to the twenty-five year trust, she being the only surviving beneficiary, the trust will continue until July 19, 1953, unless she die earlier; that she is entitled to all of the income formerly received by the widow, Rachel C. Polsky.

The executrices under the will of Rachel C. Polsky contend that (1) with respect to the homestead property, the trust was a dry trust, and the various beneficiaries, upon the death of Morris Polsky, immediately became entitled to the legal title and that Rachel C. Polsky then became entitled to an undivided one-fourth interest in fee; (2) with respect to the twelve year trust, the equitable interest of Rachel C. Polsky in the income derived by the trustee passed through the natural channels of descent; (3) with respect to the twenty-five year trust, Rachel C. Polsky took an equitable fee interest subject to a limitation over to various survivors upon the death of the original takers. The limitation with respect to her interest not occurring, her interest to the income passed by her will, or through the laws of inheritance. They contend that they are entitled to participate in the income accumulated by the trustee from the various trusts since the date of the death of Rachel C. Polsky, and are entitled to a full and final disposition of the controversy.

The will is both long and complicated. It deals with many contingencies which did not happen, and omits provision for certain

contingencies which actually occurred. The facts are not in dispute. The provision with reference to the homestead is clause 11, which is set out in footnote.[1] Clauses 13, 14, 15, 16 and 17 relate to the twenty-five year trust. Clause 18 and part of clause 19 relate to the twelve year trust. These clauses are set out in footnote.[1]

[1] "11— I hereby authorize my said trustee, by and with the consent of my wife, Rachel C. Polsky, to sell and dispose of the home property, Lot 5, Block 211, City of Lincoln, Lancaster County, Nebraska, and known as 1415 D Street. Said property shall not be sold without the consent of my wife, Rachel C. Polsky, but should she desire to sell the same I direct that said trustee sell and dispose of it, my said wife to be the sole judge as to the price and terms on which said sale shall be made. If said property is sold by said trustee as herein provided, then I direct that said trustee immediately pay to my said wife one-fourth (1/4) of the proceeds of said sale. One-half (1/2) of the remaining three-fourths (3/4) of the proceeds of said sale shall be turned by my said trustee to my daughter, Ruth Polsky, and the remaining one-half (1/2) of said three-fourths (3/4) of the proceeds of said sale shall be retained by said trustee as the sole property of my son, Bernard S. Polsky, and shall be reinvested by said trustee for the sole benefit of my said son, Bernard S. Polsky.

\* \* \*

"13— I direct my said trustee to divide the net income from Lot 8, Block 42 and Lot 14, Block 42, all in the city of Lincoln, Lancaster County, Nebraska, into four parts, one part shall be paid to my said wife, Rachel C. Polsky, and one and one-half (1½) parts to my daughter, Ruth Polsky, and one and one-half (1½) parts to be held by my said trustee for the use and benefit of my said son, Bernard S. Polsky, as hereinafter provided. Should my said wife, Rachel C. Polsky, not survive me, or surviving me die, then I direct that the share of the income from the properties in this paragraph described going to my said wife, Rachel Polsky, shall vest in my son, Bernard S. Polsky. Should either of my said children, Ruth Polsky or Bernard S. Polsky, not survive me, or surviving me die without issue, then I direct the income from the properties in this paragraph described to be divided between my said wife, Rachel C. Polsky, and the survivor of my said children, Ruth Polsky and Bernard S. Polsky. Should both of my said children, Ruth Polsky and Bernard S. Polsky, not survive me, or surviving me die without issue, then all of the income from the properties in this paragraph described shall be paid to my said wife, Rachel C. Polsky, during the balance of her life. Should my said children, Ruth Polsky and Bernard S. Polsky, survive me and then die leaving issue, then I direct that the issue of said deceased son or daughter inherit that share of the income, share and share alike, which would otherwise vest in his, her or their parent if alive. It is my desire and I so will that the properties in this paragraph described be not sold or encumbered during the life of my said wife, Rachel C. Polsky. After the death of my said wife, Rachel C. Polsky, my said children, Ruth Polsky and Bernard S. Polsky, shall not sell, encumber or in any way dispose of his or her interest in said property in this paragraph described until my son, Bernard S. Polsky, shall have reached the age of fifty-five (55) years. When my said son, Bernard S. Polsky, shall have reached the age of fifty-five (55) years said trust as to the property in this paragraph described shall cease and determine, provided my wife, Rachel C. Polsky, shall not be living at the time my son, Bernard S. Polsky, reaches the age of fifty-five (55) years. If my said wife, Rachel C. Polsky, survives me and be living at the time my said son, Bernard S. Polsky, reaches the age of fifty-five (55) years, then said trust shall not cease, nor shall said property be divided until the death of my wife, Rachel Polsky, but upon the death of my said wife, Rachel C. Polsky, and upon my son, Bernard S. Polsky, having reached the age of fifty-five (55) years, then said trust shall cease and determine, and in such event my said son, Bernard S. Polsky, shall take in fee an undivided five-eighths (5/8) interest in and to the property in paragraph 13 herein described, and my said daughter, Ruth Polsky, in that event shall take and hold in fee simple an undivided three-fifths (3/5) interest in and to the property in this paragraph 13 herein described. Provided, however, that twenty-five (25) years shall have elapsed from the date of making this will. Should my said son, Bernard S. Polsky, die prior to reaching the age of fifty-five (55) years without issue, then the property in paragraph 13 herein described shall vest in fee in my said wife, Rachel C. Polsky, and my daughter, Ruth Polsky, share and share alike, provided twenty-five (25) years shall have elapsed from the date of making this will and provided further that said property shall not be sold, encumbered or otherwise disposed of during the

Clause 23 provides that if the children die without issue, the wife not surviving, the trustee shall divide the estate into two parts, one of which shall vest in the heirs of the two children as of the dates of their respective deaths, and the other part shall be

life of my said wife, Rachel C. Polsky. However, should my wife, Rachel C. Polsky, take a fee interest in and to the property in paragraph 13 herein described and as herein set out, she shall have the right to dispose by will of her fee interest in and to the property in paragraph 13 described.

"14— Should the said Bernard S. Polsky die before reaching the age of fifty-five years leaving issue, then such issue shall receive the income from the property in paragraph 13 herein described, share and share alike, so coming to the said Bernard S. Polsky, for the balance of the period of twenty-five years from and after the date of this will, and at the end of said twenty-five year period then said issue shall take a fee interest in and to the one-half of the property in paragraph 13 herein described, share and share alike, subject, however, to the right of my said wife, Rachel C. Polsky, if living, to receive the income on one-half of the one-half fee interest during her life.

"15— Should the said Ruth Polsky die leaving issue then the property in paragraph 13 hereof described shall vest in my said wife, Rachel C. Polsky, and my said son, Bernard S. Polsky, share and share alike, provided twenty-five years shall have elapsed from the making of this will and provided further that said property shall not be sold, encumbered or otherwise disposed of during the life of my said wife, Rachel C. Polsky.

"16— Should my said daughter, Ruth Polsky, die leaving issue, then such issue shall receive the income from the property in paragraph 13 hereof described, share and share alike, so coming to the said Ruth Polsky for the balance of the twenty-five year period from and after the date of this will and at the end of said twenty-five year period then said issue shall take the fee interest, share and share alike, in and to the property in paragraph 13 described, provided said property shall not be sold, encumbered or otherwise disposed of during the life of my said wife, Rachel C. Polsky.

"17— I authorize my said trustee to make such repairs as may be necessary on Lot 8, Block 42 Original Plat of the City of Lincoln, Lancaster County, Nebraska, from time to time, and such repairs shall be deducted from the income from said two properties in this paragraph described before distributing said income to my said wife and two children as herein provided. I challenge the attention of my said trustee to the fact that Lot 14, Block 42 is encumbered with a ninety-nine year lease.

"18— I direct my said trustee to pay the income from the rest and residue of my property to my said wife, Rachel C. Polsky, my daughter, Ruth Polsky, and my son, Bernard S. Polsky, provided, however, that the share going to my son, Bernard S. Polsky, shall be retained and held by said trustee as herein otherwise provided. Said trustee by and with the consent of my said wife, Rachel C. Polsky, and my said son, Bernard S. Polsky, if he shall have attained the age of twenty-one (21) years, may sell any of the property of which I die seized, except Lots 8 and 14, Block 42 Original Plat to the city of Lincoln as herein otherwise provided. Said trustee shall reinvest the proceeds of the sale of any of such properties in first mortgage securities, city or state warrants. Until my said son, Bernard S. Polsky, shall have attained the age of twenty-one (21) years it shall not be necessary for said trustee to obtain his consent to the sale of such properties referred to herein. Should my said wife, Rachel C. Polsky, or my daughter, Ruth Polsky, or my said son, Bernard S. Polsky, after reaching the age of twenty-one (21) years, shall die, then the consent of the survivors of them, the said Rachel C. Polsky, Ruth Polsky and Bernard S. Polsky, if he shall have attained the age of twenty-one (21) years, shall be sufficient to justify my said trustee in selling and disposing of any of my real estate of which I die seized, except Lots 8 and 14, Block 42, Original Plat to the City of Lincoln, as herein otherwise provided. Should my said wife, Rachel C. Polsky, not survive me, or surviving me die prior to the expiration of said trust, then her share of the income referred to in this paragraph shall vest in my said children, Ruth Polsky and Bernard S. Polsky, share and share alike. Should either of the said Ruth Polsky or Bernard S. Polsky not survive me, or surviving me die prior to the expiration of said trust, without issue, then the share herein bequeathed to said deceased child shall be equally divided between my wife, Rachel C. Polsky, and the surviving child, share and share alike. Should said Ruth Polsky or Bernard S. Polsky not survive me, or surviving me die leaving issue, then the issue of said deceased child shall receive the share of the income going to its or their deceased parent, said income being limited to the properties other than the said

divided into five parts, one of which is given to the five eleemosynary institutions above referred to.

Clause 11, deals specifically with the homestead and authorizes the trustee, with the consent of the widow, to sell and dispose of it, and, if the widow desired, the property might be sold and the proceeds divided among the widow and children. Clause 10 gives and bequeaths all the residue of the testator's property in trust for the purposes thereinafter named. Clause 18 directs payment of income from the rest and residue of the testator's property. We think the language of these clauses of the will is broad enough in its terms to include the homestead after it lost its character as such by the death of the widow, and after it became impossible, by reason of her death, to sell it and divide the proceeds as provided in clause 11. Clause 19 indicates that the homestead is to remain in trusteeship after the termination of the twelve year trust proper. Although no specific time limited this trust, it would endure for such period as would be necessary to accomplish its purpose. Angus v. Noble, 73 Conn. 56, 46 A. 278. We may put aside all questions as to the homestead during the life of the widow.

While no detailed analysis of clause 23 is here attempted, in general it provides that the trustee shall divide the estate into parts, with directions as to division, after the death of Rachel C. Polsky and the two children. There is an uncertainty until the time for division arises as to the persons who shall take, and until the act of division

is completed, the matter of title may be left in a state of doubt. Although there is respectable authority to the contrary, this trust should, we think, reasonably be construed and considered as actively in existence until the trustee has discharged this duty. There is specific authority given the trustee to pay the taxes and to make repairs on the real property, indicating a duty on its part to keep the property in tenantable condition and to pay over said rentals to the beneficiaries. We conclude that the trust should be construed as an active one. 1 Bogert, Trusts and Trustees, § 206; Connell v. Cole, 89 Ala. 381, 8 So. 72.

Clause 18 directs payment to the beneficiaries of income from the rest and residue of the estate, which would include income from the homestead. Even had he so desired, the testator could not have controlled possession of the homestead during the life of the widow. In Nebraska, the homestead is a life estate to the widow and a vested remainder, unless otherwise disposed of by will, to the heirs of the fee-owning spouse. Hobson v. Huxtable, 79 Neb. 340, 116 N.W. 278; Shearon v. Goff, 95 Neb. 417, 145 N.W. 855; Sec. 30-101, C. S.1929, Neb. A testator can not by will deprive his surviving spouse of the homestead right, or estate. Brichacek v. Brichacek, 75 Neb. 417, 106 N.W. 473. It seems clear that the testator intended that the homestead, subject to the widow's life estate, and subject also to the right of sale, with her consent, should be included in the trust estate. Its income comes within the comprehensive language of clause 18, the

Lots 8 and 14, Block 42, Original Plat to the City of Lincoln.

"19— At the end of twelve years from and after the date of this will I direct that the trusteeship on all property of which I die seized, other than on Lots 8 and 14, Block 42, Original Plat, and Lot 5 in Block 211, all in the city of Lincoln, Lancaster County, Nebraska, cease and determine, and that my said trustee divide all of the property remaining in its hands, except Lots 8 and 14, in said Block 42 and Lot 5 in Block 211, all in the city of Lincoln, Lancaster County, Nebraska, into four parts, of which my said wife, Rachel C. Polsky, shall take one part, my said daughter, Ruth Polsky, one and one-half parts, and my said son, Bernard S. Polsky, one and one-half parts. Should my said wife, Rachel C. Polsky, not survive me, or surviving me die prior to the expiration of said twelve years, then her share, or one-fourth of

the property remaining in the hands of said trustee, aside from said Lots 8 and 14, in said Block 42, and Lot 5 in Block 211 as aforesaid, shall vest in my son, Bernard S. Polsky, if alive, and if deceased, in his issue, share and share alike, if any there be, and if no issue survives the said Bernard S. Polsky then the share going to the said Rachel C. Polsky as in this paragraph provided, shall vest in the heirs of the said Rachel C. Polsky. Should the said Ruth Polsky and Bernard S. Polsky die leaving issue, then the issue of said deceased child shall inherit the interest of its deceased parent, share and share alike, but should either the said Ruth Polsky or Bernard S. Polsky die without issue, then the property referred to herein shall vest in the heirs of my children, Ruth Polsky and Bernard S. Polsky, share and share alike. * * *"

last sentence of which limits the income to properties other than those embraced in the twenty-five year trust. The opening sentence of clause 19 directs a distribution of all property, except that embraced in the twenty-five year trust and the homestead, at the end of twelve years after the date of the will (not the death of the testator), and as to other properties the trusteeship is to "cease and determine."

■■ The question as to the division of income applies equally to the homestead and the twelve-year trust. An equal division among wife and children is provided by clause 18. Then provision is made that if either Ruth Polsky or Bernard S. Polsky, surviving the testator, should die without issue, the share bequeathed "to said deceased child shall be equally divided between my wife, Rachel C. Polsky and the surviving child, share and share alike." The death of Bernard S. Polsky automatically increased the share of Ruth Polsky and Rachel C. Polsky to one-half each. The will directs that in case Rachel C. Polsky shall not survive the testator, or surviving him die prior to the expiration of the trust, "then her share of the income referred to in this paragraph, shall vest in my said children, Ruth Polsky and Bernard S. Polsky, share and share alike." It was clearly the intent of the testator that Rachel C. Polsky should receive income so long as she should live; in other words, a life interest in income is given her. Issue of Ruth or Bernard receive the share of income. going to the deceased parent, if either die. Bernard died without issue. The language that Rachel C. Polsky's share "shall vest" in Ruth Polsky and Bernard S. Polsky upon her death, means, as here used, we think, a vesting in possession and enjoyment, rather than a vesting in interest. The Supreme Court of Nebraska has held that when a future time for the payment of a legacy is defined by will, the legacy will. be vested or contingent, dependent upon whether the testator meant to annex the time to the payment of the legacy or to the gift of it. If the gift be independent of the direction to pay, the estate will ordinarily vest. Hill v. Hill, 90 Neb. 43, 132 N.W. 738, 34 L.R.A., N.S., 198. There is here a positive declaration that this income shall vest in the two children at a certain time.

■ There are cases in which the use of the word "vest" has been construed merely to refer to enjoyment and possession. In re Phillips' Estate, 205 Pa. 504, 55 A. 210, 97 Am.St.Rep. 743; In re Glann's Estate, 177 Cal. 347, 170 P. 833; Hignett v. Sherman, 75 Colo. 64, 224 P. 411; Lewis v. Howe, 174 N.Y. 340, 66 N.E. 975, 1101. There are other cases in which it was held to refer to the title and interest in the thing itself. Easton v. Hall, 323 Ill. 397, 154 N. E. 216; Loud v. St. Louis Union Trust Co., 298 Mo. 148, 249 S.W. 629. In considering whether the survival of Bernard was a condition to vesting of the income from the trust, the term "vest" must be construed as describing a .contingency of survival before the right of possession and title would become complete. Kales Estates, Future Conditions and Illegal Conditions, 2d Ed., p. 571. .The express condition as to vesting should here be given effect. It is not the case of a contingency with reference to a piece of real property or personal property. The intention to give to the three of the testator's heirs, his wife and his two children, the income during their life is manifest. In the event of the death of either Ruth or Bernard, there is a limitation over to their issue, and this is an indication that the interest was not to vest. In re Blake's Estate, 157 Cal. 448, 108 P. 287; Rogers' Estate, 94 Cal. 526, 29 P. 962; Plant v. Weeks, 39 Mich. 117.

■■ The lower court decreed that Ruth Polsky should have three-fourths of the net rentals from the homestead property and that the other one-fourth should be retained by the trustee as a part of the corpus of the estate, as to which corpus a decree was not at this time required. A similar disposition was made of the income from the property in the twelve year trust. In Heilman v. Reitz, 89 Neb. 422, 131 N.W. 909, the will of the testator gave to his widow two-fifths of the net income of his estate during her life. After her death, it directed the executors to sell the property and divide it into seven equal parts, three of which were bequeathed to his three sons, and four to four church organizations. The court held that there were three fundamental rules to be observed; first, if the will was ambiguous, the law favored the heir in preference to one not related to the testator by blood; second, heirs would not be disinherited by conjecture, but only by express words or necessary implication, and third, that actual disposition of the estate to another person was necessary to deprive the heir of the property of his ancestor. Great reliance is placed upon this authority by Ruth Polsky in support of her contention

that she should have the remaining one-fourth of the income, as otherwise, under clause 23, the eleemosynary institutions might become entitled to a part of it. The question is whether the will in this case has made disposition of income that otherwise might be intestate property. If it has not, Ruth Polsky should take the income to the extent that it is not covered by the trust, as she was the sole heir of the deceased testator at the time of the failure of the trust and under such conditions, the heirs who are such at the time of the failure of the trust will take. In re Estate of Mooney, 131 Neb. 52, 267 N.W. 196. But in the case of Heilman v. Reitz, supra, the court was manifestly influenced by the fact that there was a direction for a sale and a division of the proceeds of the sale into seven parts. The court observed that it was clear that the testator did not consider income of the estate as a part of the property to be sold and the proceeds divided. In clause 10 of the will here considered, the trustee is given all the rest and residue of the testator's property in trust. All income of an estate not otherwise disposed of, must fall into the residue. Matter of Benson, 96 N.Y. 499, 48 Am.Rep. 646. This is a residuary clause, and so treated and construed, the one-fourth income not disposed of was a part of the residue. The lower court made proper disposition of the income of the homestead and the income from the property in the twelve year trust.

Turning now to a consideration of the twenty-five year trust, it is observed that in clause 13 the testator directs the trustee to divide the net income from the twenty-five year trust property, one-fourth to the widow and three-eighths to each of the children. He then directs that if the widow should die, her share shall vest in Bernard S. Polsky; that if either child die, the income shall be divided between the widow and the survivor of the children. If both children die, all of the income from the properties is to be paid to the widow during her life.

When Bernard S. Polsky died, the provision that the income from this property should be divided between the widow and Ruth became operative. For reasons already considered, when the widow died, her share did not vest in Bernard S. Polsky, nor in his estate. The lower court allowed Ruth Polsky one-half of the income, and decreed that the other half should become a part of the corpus of the trust and again refused to adjudicate its eventual disposition. As in the case of the twelve year trust, the residuary clause is sufficient to vest the undisposed of income in the trustee as part of the corpus of the trust estate.

Ruth Polsky also contends that she is entitled to all of the income under the doctrine of implied cross remainder. But if the implication of a cross remainder is inconsistent with the provisions of the will, it cannot arise. Anderson v. Simpson, 214 Ky. 375, 283 S.W. 941. The testator, with reference to the twenty-five year trust, provided that upon the death of the widow, her share should vest in the son, Bernard S. Polsky. If Ruth Polsky or Bernard S. Polsky should die leaving issue, the issue is to receive the share which the parent would receive if alive. These provisions are incompatible with the doctrine of implied cross remainder. The same is true as to the twelve year trust. The provision that issue of Bernard S. Polsky or Ruth Polsky is to share in the income if the parent die, is destructive of the implication of a cross remainder.

The lower court refused to adjudicate disposition of the property under the two trusts, or to determine the question of the vesting of the fee to these properties. As the time for such adjudication had not arrived so as to make such adjudication necessary, the action of the lower court in this regard was proper. Walker v. First Trust & Savings Bank, 8 Cir., 12 F.2d 896, 75 A.L.R. 757.

The eleemosynary institutions contend that clause 23, reading, "If my said children, Ruth Polsky and Bernard S. Polsky die without issue" should read, "If my said children, Ruth Polsky or Bernard S. Polsky, die without issue," and that if so read, the time is ripe for the adjudication of the fee to the property as disposed of by that clause. The word "and" may sometimes be substituted for the word "or," and vice versa, even in the construction of a will, where that is necessary to carry out the manifest intention of the testator. Here, however, the changing of the word "and" to "or" would radically change the intention of the testator as expressed in the language contained in the will. The court can not, of course, rewrite the will, but must construe it as written.

The decree appealed from is therefore affirmed.